## South Hills Co. v. Wensel

Before Ellenbogen, Soffel and Smart, JJ.

*Jack W. Plowman, Donald L. Ewart* and *Rose, Rose & Houston,* for plaintiff.

*Stewart, Jones, Cleland & Hurtt,* for defendant.

ELLENBOGEN, J., July 29, 1958.—This case is before the court en banc on petition ex parte defendant to strike from the record the judgment confessed in the above-entitled case.

This judgment was confessed on a contract between Rudy Wensel and the South Hills Heating & Roofing Co., a corporation, dated October 1, 1956, for the installation of a warm air furnace in defendant's home at "Lot 332, Wayne Road", for $510. The contract also provides an option, as follows: "Lot 331 same price". The parties evidently intended that defend-

ant should have the right to have a similar furnace installed on lot 331 at the same price.

The contract contains a judgment clause as follows:

"In addition thereto, it is expressly stipulated and agreed that in case of default in payment of any sum on account of principal or interest herein agreed upon to be paid by Buyer, for the space of twenty (20) days after same shall become due and payable, then any Attorney of any Court of record of the State of Pennsylvania is hereby authorized and empowered by Buyer to appear for Buyer and to confess judgment against Buyer for the principal sum payable hereunder with interest (less credit for any payment made as herein agreed) with costs of suit and 10% added for Attorney's commission and collection fee, together with the release of errors, waiver of inquisition, with voluntary condemnation of real estate without stay of execution, and the Buyer expressly waives any and all exemption or homestead laws now in force or hereafter passed."

The option contains no other terms, conditions or agreements, nor does it state that the judgment clause applies in case the option is exercised.

The narr refers to the "installation of furnaces in houses erected on Lots 331 and 332 Wayne Road, Munhall, Pennsylvania, which installation was completed on or about December 28, 1956." The confession is for a debt of $1,020 to which interest and attorney's commission were added, making a total judgment of $1,200.54.

The warrant of attorney does not contain the right to confess judgment for an additional amount which might become due upon exercise of the option.

A warrant of attorney to confess judgment must be clear and explicit and must be strictly construed: Solazo v. Boyle, 365 Pa. 586; William B. Rambo B. & L. Assn. v. Dragone, 305 Pa. 24; Polis v. Russell, 161

Pa. Superior Ct. 456; Disanto v. Rowland, 83 Pa. Superior Ct. 155.

It is clear to us that there was no authority to confess judgment for more than the cost of installation of the original furnace of $510. The amount of the judgment confessed is excessive. A judgment for the sum of $510 for the installation of one furnace, plus interest and attorney's fee would be proper.

Since there is no defect appearing on the face of the record, the judgment cannot be stricken off, and we have treated the petition to strike as a petition to open.

### Order

And now, to wit, July 29, 1958, after argument and upon consideration, the rule to show cause why judgment confessed herein should not be stricken off is discharged; it is further ordered that the judgment confessed be opened and defendant be allowed to enter a defense unless plaintiff amend the confession as regards the amount of the judgment in accordance with this opinion, within 15 days from the date of this order.