Sebastian Braccia and Bertina Braccia, his wife, Appellants, *v.* Township of Upper Moreland Zoning Hearing Board, Appellee.

Argued October 10, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Randolph A. Warden,* for appellants.

*Philip R. Detwiler,* with him *Butera and Detwiler,* for appellee.

OPINION BY JUDGE WILKINSON, November 18, 1974:

Appellants are the owners of a small shopping center which contains a restaurant with 48 seats and a "Sarita" dry cleaning pick-up establishment having a floor area of slightly over 800 square feet. Both businesses began operating in December, 1970. At that time there were 32 parking spaces for the shopping center. In March, 1971, appellants requested a variance to add a 400 square foot store to the shopping center to be operated as a barber shop by appellant Sebastian Braccia. On April 22, 1971, this variance was granted by appellees. However, when appellants applied for a building permit on June 8, 1971, the permit was denied due to an insufficient number of parking spaces and because sufficient parking spaces (which the Township Commissioners determined to be 33) of the required 10 x 20 foot size could not be placed in the existing lot. Appellants then instituted an action in mandamus against the building inspector asking summary judgment for the grant of the building permit. This action, however, was voluntarily discontinued and appellants filed

another application for a variance for the barber shop.[1] In this application, appellants requested in the alternative: (1) an interpretation that the number of parking spaces required by the zoning ordinance be 29, all of which would be the required 10-foot width; (2) an interpretation to permit 30 spaces and a variance to allow some spaces to be 9 feet, 10 inches wide; (3) a variance to permit the 33 spaces demanded by the Township Commissioners to range from 8 feet, 6 inches to 9 feet, 8 inches in width. After a public hearing, appellee rejected appellants' interpretations of the ordinance and refused to grant any variance. The Court of Common Pleas of Montgomery County affirmed on the opinion of the Zoning Hearing Board. This appeal followed.

When the Zoning Hearing Board originally approved the plans for this shopping center, it was not known exactly how many seats would be in the restaurant or what use would be made of the remaining 800 plus square feet. In fact, the original plan showed two stores of approximately 400 square feet each in the area that is now occupied by Sarita. Although the record is not clear on how the required number of parking spaces was determined at that time, it seems that square footage was used, requiring 23 spaces for the restaurant and 9 spaces for the remaining area. Section 1511 of the Township of Upper Moreland Zoning Ordinance No. 423, provides in pertinent part:

"Section 1511: Off-Street Parking.

"(a) A motor vehicle garage space or an outdoor parking space shall consist of not less than two hundred (200) square feet of usable area (10′ x 20′ in size) for

---

[1] Appellants' argument that Section 915 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended*, 53 P.S. §10915, was violated in that by virtue of refusing the building permit, the Township Commissioners were permitted to appeal beyond the 30-day appeal period is without merit since appellants voluntarily filed a new application.

each motor vehicle exclusive of maneuvering areas, or interior driveways or access roads connecting the parking space with a street, alley or right-of-way. . . .

. . . .

"(g) Restaurant, or similar establishment: One parking space for every two (2) seats. . . .

"(h) Retail Store, Personal Service or Custom Shop: One space for each one hundred (100) square feet of floor area, or fraction thereof, used for sale or display of merchandise, exclusive of basement if not used for sale or display of merchandise.

. . . .

"(p) Building or Use Other Than Specified Above: One space for each two hundred (200) square feet of floor space devoted to patron, office or employee use, or one space for each one thousand (1,000) square feet of lot area, whichever is the larger, provided that in the case of any use where the preceding requirement is clearly demonstrated to be unreasonable, such space as the Zoning Hearing Board shall authorize as a special exception consistent with the principles set forth herein for comparable buildings."

It is not now contested that the restaurant which has 48 seats requires 24 parking spaces, and that the proposed barber shop would require four spaces under paragraph (h). What is in issue here is the proper number of parking spaces for the Sarita dry cleaning establishment.

As stated above, Sarita occupies the entire 800 plus square feet of what was originally to be two stores. Of this area, 60 square feet are set off by a counter and devoted to use by customers to enter the establishment and pick up their clothes. The remaining area is taken up by automated clothing storage racks of the type often seen in dry cleaning establishments today. In denying appellants' application for a variance, the Board found that five parking spaces were required for the Sarita

dry cleaning establishment. Neither the findings of fact nor the opinion of the Board indicate how this conclusion was reached, but the attorneys for both appellants and appellee state in their briefs, and we agree, that this number was determined by requiring one space under paragraph (h) for the 60 square feet devoted to sale or display of merchandise, and four spaces under paragraph (p) for the remaining 740 plus square feet.

Appellant contends that only one parking space is required for Sarita because only 60 square feet are devoted to the sale or display of merchandise, and that the Board cannot apply paragraph (h) to part of the establishment and paragraph (p) to the remainder. We do not agree. Paragraph (h) bases its requirements on the use made of the space—one space for each 100 square feet *"used* for sale or display of merchandise." Paragraph (p) applies to a building *"or use other than specified above."* Clearly, paragraph (p) was intended to apply to exactly what appellant would have us ignore—the vast area behind the counter which is an absolute necessity for providing this particular service and which makes possible the handling of many more customers thus necessitating more parking spaces.

Appellant also claims that the Board committed an abuse of discretion in refusing to allow parking spaces slightly narrower than the required 10 foot width. In support of this argument, appellant offered testimony to the effect that of approximately 25 parking lots measured in the township, only two complied with the 10′ by 20′ requirement and that the remaining 23, including the Township Building's own lot, did not comply and had parking spaces as small as 7′ by 15′. The law is clear in Pennsylvania that existing violations of zoning regulations do not preclude enforcement of the regulations. *Ridley Township v. Pronesti,* 431 Pa. 34, 244 A. 2d 719 (1968), *Jehovah's Witnesses Appeal,* 183 Pa. Superior Ct. 219, 130 A. 2d 240 (1957).

Our scope of review is to determine whether the Zoning Board abused its discretion or committed an error of law. *Hilltown Township v. Horn,* 13 Pa. Commonwealth Ct. 248, 320 A. 2d 153 (1974). We find that appellee has not abused its discretion or committed an error of law.

Affirmed.