In Re: Appeal of Gillies Corporation from the Resolution and Order of the Milford Township Zoning Hearing Board. Gillies Corporation, Appellant.

490

Argued April 7, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Gregory S. Ghen,* with him *Stanford S. Hunn Associates,* for appellant.

*William Thatcher,* with him *Biehn & Thatcher,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 10, 1978:

Gillies Corporation (Gillies) appeals an order of the court of common pleas which quashed its appeal from a decision of the Milford Township Zoning Hearing Board (Board).

Gillies is the owner of 10.25 acres of land situate in Milford Township (Township). On January 15, 1973, the Board granted Gillies a Special Exception to construct apartment units on its property, subject to certain stated conditions. One in particular, Condition No. 6, provides that "no Zoning Permit shall be

issued by the Zoning Officer after January 15, 1975." On October 18, 1974, Gillies presented an application to the Board seeking modification of Condition No. 6. Gillies contended that the modification became necessary as a result of an alleged impossibility of compliance with Condition No. 3, which relates to the construction and approval of sewer facilities. On March 6, 1975, after hearings, the Board denied the requested modification due, in part, to its view that the modification was contrary to a zoning ordinance then pending in Milford Township. This action was appealed to the court below which, after argument, quashed the appeal upon motion of the Township as Intervening Appellee. Gillies seeks our review of that order.

In quashing the appeal, the court below stated:

> [W]e are of the opinion that it was unnecessary and perhaps even improper for the Zoning Hearing Board to have considered the application to modify on its merits.

It next cited Section 915 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10915, which it felt was controlling. Section 915 of the Code reads, in part, as follows:

> No person shall be allowed to file any proceeding with the board later than thirty days after any *application for development,* preliminary or final, has been approved by an appropriate municipal officer, agency or body *if such proceeding is designed to secure reversal or to limit the approval in any manner* unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given. If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest. (Emphasis added.)

Characterizing the *original* request for the special exception as "an application for development," the court stated

[i]t seems apparent that appellant's application to modify Condition No. 6 constitutes a proceeding 'designed to secure reversal' of the application for development. This being the case, we are of the opinion that the zoning hearing board lacked jurisdiction to hear the application for modification inasmuch as it was filed more than 21 months after the grant of the special exception.

After a careful analysis of Section 915, we conclude that this section does not apply to the facts before us and, accordingly, we reverse and remand for consideration of the appeal on the merits.

Where, as here, the court below took no additional evidence, our review is limited to a determination of whether it abused its discretion or committed an error of law. *Braccia v. Township of Upper Moreland Zoning Hearing Board*, 16 Pa. Commonwealth Ct. 214, 327 A.2d 886 (1974). Assuming, without deciding, that Gillies' original request of the Special Exception falls within the phrase "any application for development," we are, nevertheless, of the opinion that Gillies' request for modification is *not* "designed to secure reversal or to limit the approval in any manner" of its original application for development. Instead, Gillies' application before the Board was an attempt to *extend or broaden* the initial approval. We conclude, therefore, that the Board did have jurisdiction to entertain Gillies' application and that the court below committed an error of law in quashing the appeal. Moreover, under Section 1006 of the Code, 53 P.S. §11006, the appeal to that court from the Board's denial of the requested relief was timely.

Since the court below granted the Board's motion to quash and never reached the merits, we must remand to that court for a determination of the legal questions involved and, if necessary, the taking of additional evidence.

Accordingly, we

### ORDER

AND Now, this 10th day of July, 1978, the order of the Court of Common Pleas of Bucks County is reversed and the record is remanded to said court for further proceedings not inconsistent with this opinion.