In Re: Appeal of the Gillies Corporation From the Resolution and Order of the Milford Township Zoning Hearing Board. The Gillies Corporation, Appellant.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

527

*Edward J. Hollin, Stanford S. Hunn Associates,*
for appellant.

*William Thatcher, Biehn & Thatcher,* for appellee.

Opinion by Judge MacPhail, June 8, 1981:

Gillies Corporation (Appellant) appeals from an order of the Court of Common Pleas of Bucks County which affirmed the decision of the Milford Township Zoning Hearing Board (Board) to deny the Appellant's application for an amendment to a previously granted special exception. We affirm.

Appellant is the owner of a 16.44-acre tract of land, 10.25 acres of which are located in Milford Township.[1] Appellant applied for and was granted a special exception on January 15, 1973 to construct apartment units on its property, subject to eleven stated conditions. Most pertinent to this appeal is Condition No. 6 which provides that, "No Zoning Permit shall be issued by the Zoning Officer after January 15, 1975."

---

[1] The remaining 6.19 acres of land are located in Trumbauersville Borough.

On October 18, 1974 Appellant filed an application with the Board requesting that Condition No. 6 be amended so as to require that no zoning permit be issued after July 15, 1975. Appellant contended that the six-month extension was necessary in order for Appellant to achieve compliance with Condition No. 3 which relates to the use of public sewer facilities. After two hearings on the application the Board, on March 6, 1975, refused to grant the amendment, citing as reasons therefor the failure of Appellant to comply with several of the special exception conditions and the fact that an ordinance was then pending which would not permit apartment units on Appellant's property. Appellant appealed to the court of common pleas which ultimately[2] affirmed the Board's decision based on the pending ordinance doctrine.[3] The present appeal followed.

The threshold issue presented by Appellant in this appeal is whether or not the Board erred in denying Appellant's application for modification based on the pending ordinance doctrine.

Our scope of review where, as here, the court below takes no additional evidence is limited to a determination of whether the Board has abused its discretion or committed an error of law. *Board of Supervisors of Solebury Township Appeal*, 49 Pa. Commonwealth Ct. 267, 412 A.2d 163 (1980).

The pending ordinance doctrine provides that a municipality may deny an application for zoning re-

---

[2] The lower court initially granted Milford Township's (Appellee) motion to quash on the ground that the application for amendment was untimely filed. On July 10, 1978 this Court reversed and remanded for proceedings on the merits. *Gillies Corp. Appeal*, 36 Pa. Commonwealth Ct. 489, 387 A.2d 1358 (1978).

[3] The lower court also ruled that Appellant had not demonstrated any detrimental reliance on the special exception which had been granted in 1973. Appellant has not contested that determination in the instant appeal.

lief if at the time of application a zoning ordinance is pending which would prohibit the use of the land sought by the application. *Boron Oil Co. v. Kimple,* 445 Pa. 327, 284 A.2d 744 (1971). The case law is clear that an ordinance is "pending" when a zoning commission "proposes a new zoning ordinance, makes the proposal open to public inspection, and advertises that the proposal will be discussed at a forthcoming public meeting." *Id.* at 331, 284 A.2d at 747. Thus, our initial inquiry is whether a proposed ordinance was "pending" at the time Appellant filed its application for modification of Condition No. 6.

The chronology of facts in the instant case begins with a public hearing which was conducted on August 8, 1974 by the Milford Township Planning Commission (Commission) relative to a proposed revision of the township zoning ordinance.[4] Notice was given at the August 8 hearing that if public sewers became available the Commission would likely alter the zoning district map to reflect proposed sewer locations. On October 18, 1974 Appellant filed its application for modification of Condition No. 6. On December 17, 1974 the Commission, at a public hearing, changed the proposed zoning district map to reflect sewer availability. Appellant's property is located on the new map in an RD (rural development) district, which prohibits Appellant's proposed use.[5] Hearings on Appellant's application were held on December 19, 1974 and January 23, 1975. The new zoning ordinance was enacted by the Milford Township Board of Supervisors on March 4, 1975.

---

[4] The record does not indicate when the hearing was advertised. The proposal was for an ordinance based upon the needs of six Quakertown area municipalities with administration of the ordinance to be at the local level.

[5] As enacted the ordinance permits only three residential uses in the RD district: single family detached dwellings, mobile homes and converted dwellings.

The clear indication from this chronology is that the proposed ordinance in this case was "pending" as of August 8, 1974, more than two months prior to the date that Appellant filed its application for amendment. Appellant argues, however, that an ordinance does not become "pending" as to a particular landowner until it is clear that the use applied for is *repugnant* to the proposed ordinance. In the instant case, Appellant argues that the ordinance did not become pending with respect to Appellant's land until the zoning district map was redrawn on December 17, 1974, more than two months *after* its application was filed. We agree.

Although there was an ordinance "pending" at the time Appellant filed its application, for the pending ordinance doctrine to be applicable the ordinance which is pending must also *prohibit* the use sought by the landowner's application. *Boron Oil Co., supra.* As of the August 8, 1974 hearing Appellant's land was included in an SRL (suburban residential low) district on the zoning district map of the proposed ordinance. As finally enacted on March 4, 1975 the SRL district permits multi-family dwellings as a use. We assume that uses permitted in the SRL district as proposed in August, 1974 were substantially the same. It was not until December 17, 1974, when the proposed zoning district map was redrawn, that Appellant's land was included in an RD (rural development) district,[6] which prohibits Appellant's proposed use. Thus, on October 18, when Appellant's application was filed, there was no ordinance pending *which prohibited* the use sought by the application. We con-

---

[6] The proposed SRL and RD districts did not exist as districts in the Township's then existing ordinance. Appellant's land under the then existing ordinance was located in an SR (suburban residential) zone which allowed Appellant's proposed use by special exception.

clude, therefore, that the pending ordinance doctrine is inapplicable here and that the denial of Appellant's application based on that doctrine was improper.

Notwithstanding our determination that the proposed zoning ordinance was not "pending" with respect to Appellant's property we nevertheless affirm the decision of the Board to deny the requested modification. Although the Board based its denial of Appellant's application, in part, on the pending ordinance doctrine, the Board also concluded that the application "does not meet the standards set out in Section 450(8)(1) of the Zoning Ordinance. . . ." Section 450(8)(1) of the then effective Township ordinance provides that multi-family dwellings are a permitted use (by special exception in the Appellant's SR district) so long as "[p]ublic sewage disposal is used." One of several standards set forth in Section 1132 of the ordinance applicable to special exception applications, is that the proposed use be "[i]n conformance with all applicable requirements of this Ordinance." Thus, the Board properly denied the Appellant's application based on the fact that the proposed use was not in conformance with the ordinance requirement set forth in Section 450(8)(1). This independent ground for denial of the application is clearly sufficient in and of itself to justify the Board's decision.

It is important to note that the Board's original decision in 1973 to grant a *conditional* special exception was strictly a matter of grace. The Board in its 1973 decision stated that, "The Board realizes that a developer must secure numerous approvals from regulatory agencies before constructing an apartment complex, and the developer must start somewhere in securing the approvals." We commend the Board's efforts to aid the Appellant-developer at this preliminary stage. We would indeed be reluctant to now order the Board to extend that which was originally

granted as a matter of grace. We believe that it was clearly within the Board's discretion to decide, in light of the fact that Appellant had been unable to secure approval for public sewage disposal, that the conditional special exception should expire at the end of two years without the requested extension.

Order affirmed.

### Order

And Now, this 8th day of June, 1981, the order of the Court of Common Pleas of Bucks County, dated April 21, 1980, affirming the order of the Milford Township Zoning Hearing Board, dated March 6, 1975, is hereby affirmed.

Judge Wilkinson, Jr. did not participate in the decision in this case.