Atlantic Richfield Company, Appellant *v.* Marshall Township Board of Supervisors, Appellee.

Argued February 28, 1983, before Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Victor R. Delle Donne,* with him, *Joel P. Aaronson, Baskin and Sears, P.C.,* for appellant.

*Burton C. Duerring,* for appellee.

OPINION BY JUDGE BLATT, May 4, 1983:

The Atlantic Richfield Company (ARCO) appeals here an order of the Court of Common Pleas of Allegheny County quashing ARCO's appeal because there had been no appealable adjudication made by the Marshall Township Board of Supervisors (Township).

ARCO, which owns a tract of land in the Township which is the site of a service station, wanted to add a mini-market to the station, and it sought Township approval of this addition. Several other corporate enterprises, including McDonald's and the Bob Evans Corp., likewise had proposed developments of their own at the same intersection where the station was located.[1] The Township and several neighboring municipal bodies employed a firm of traffic consultants to study the area and submit a traffic impact report relating to the intersection concerned, among others, and with Bob Evans Corp. and McDonald's

---

[1] The intersection, at U.S. Highway 19 and Freeport Road, is located near an exit of the recently-constructed Interstate 79 in addition to an exit of the Pennsylvania Turnpike. This seems to be the reason behind the sudden, intense interest in developing the area.

agreeing to pay a proportionate share of the cost of the study and of any necessary improvements. The agreement also provided that any new developers in the area would be required to participate. At a Township meeting on April 2, 1980 ARCO, through its representative, Mr. Allshouse, agreed that it would "participate in the costs of the traffic study . . . and will pay their proportionate share of any improvements—turning lanes, lights, etc."[2] The Township then granted ARCO's request for variances as to setback and curb cuts, with conditions later reduced to writing by letter of April 17, 1980. The only condition imposed by the Township which is relevant to this appeal is as follows:

> You agreed to participate in the engineering planning study for traffic control at the Route 19-Freeport Road intersection and to forward a check in the amount of $ 1,200 to pay for your portion of this study. *You also agreed to pay for any improvements to be made at this intersection such as traffic signals, stacking and turning lanes, etc. emanating from this study.* (Emphasis added.)

The Township also said:

> If these conditions are satisfactory to you and your company, including your subsidiary which operates the facility, would you please return the original signed by the appropriate officer and have his signature attested to by your Corporate Secretary. We, in turn, will release to you the proper zoning and building permits at our earliest convenience.

ARCO filed an appeal in the court of common pleas on October 1, 1980 from the Township's insistence upon the above condition. The court granted the

---

[2] Minutes of the meeting of April 2, 1980.

Township's motion to quash the appeal as clearly untimely, it having been filed approximately 6 months after the April adjudication and long past the 30-day limitation of Section 1006 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11006. The trial judge also noted in his opinion that:

> Appellant attempted to reopen the matter by writing to the Board on July 24, 1980 and requesting that the Board reaffirm its decision by rewriting its April 17, 1980 letter. By its response of October 2, 1980, the Board declined the request and stated its decision of April 17, 1980 was still valid. (The letter is dated October 2, 1980 but appears to have been sent on September 2, 1980). Appellant took an appeal from the refusal to restate the original decision. Although this is a novel attempt to obtain a new decision date, it was not successful and the appeal must be found untimely filed.

ARCO next sought relief by asking for time on the agenda for the Township's regular monthly meeting to be held on April 1, 1981, and it there attempted to place evidence before the Township Supervisors as to the unreasonableness of the conditions imposed. Although the Township agreed to let the ARCO representatives speak, it was made clear that this was not to be considered a formal hearing on the matter. Mr. Frank, the Chairman, opened the discussion by noting:

> The next item, we received a request from Mr. Allshouse of Arco relative to appearing before the Board and at an earlier date then he subsequently changed and asked to be heard this evening and so I guess we'll hear from Mr. Allshouse and, we're not exactly sure what the presentation is but. . . .

When ARCO's attorney began to question Mr. Allshouse, who appeared for ARCO, Mr. Frank interjected:

Excuse me, I am not sure that I understand the purpose of the questioning because we are going through the steps we've taken so far and, you know, we're all in agreement in fact that the proposal was made on that particular date. The conditions as we understood them were approved by Mr. Allshouse. We sent a letter to Arco relative to those agreements and I am not sure that I understand the purpose of this interrogatory situation relative to Mr. Allshouse because you have made the proposition, Mr. Aaronson, that you would like the Condition No. 1 deleted. I think we are all pretty well tuned to what that condition is and the stages that we went through, you know, it's all documented. In effect, you've gone to court on the thing and I'm just not sure what purpose we would have going through this procedure in this kind of a situation tonight.

Mr. Merlino, another Supervisor, objected to the question-and-answer approach of ARCO, stating:

I have an objection to Mr. Allshouse standing there and telling us like he did originally in presenting the project. I don't think I want to sit here through a question and answer hearing by his attorney asking him questions . . . to me it's just a game your [sic] playing.

ARCO again appeared at the June 3, 1981 meeting of the Township Supervisors and pressed once more for a decision from the Township regarding the condition. The Supervisors moved that the condition remain. ARCO, viewing this move as an appealable adjudication, filed *another* appeal in the court of com-

mon pleas, which was also quashed. ARCO now seeks review of that order in this Court.

The decision of whether or not to grant a motion to quash an appeal is, of course, a question of law, and therefore, well within our scope of review. *See Galli ford v. Commonwealth,* 60 Pa. Commonwealth Ct. 175, 430 A.2d 1222 (1981).

ARCO argues here that it has a right to request the Township to delete the condition and that the Supervisor's failure to grant this request constitutes an appealable adjudication. It cites several cases in support of its position, including *Gillies Corp. Appeal,* 36 Pa. Commonwealth Ct. 489, 387 A.2d 1358 (1978). That case, however, dealt with Section 915 of the MPC, 53 P.S. §10915, which provides a thirty-day time limit on proceedings before the board. In addition, the landowner's request in *Gillies* related to "an attempt to *extend or broaden* [the condition of] the initial approval". 36 Pa. Commonwealth Ct. at 492, 387 A.2d at 1359 (emphasis in original). Here, it is clear that ARCO sought not an extension or broadening but a deletion of a condition.[3] Both *Gillies* and the common pleas level decisions[4] cited by ARCO, are inapposite for other reasons as well. It is clear that a landowner may seek redress of conditions which are unreasonable and not related to the public health, welfare, or safety,[5] *see Van Sciver v. Zoning Board of Adjustment,* 396 Pa. 646, 152 A.2d 717 (1959), but if ARCO wanted

---

[3] We read *Gillies* to mean that a time limit imposed by a condition may be extended under certain compelling circumstances, but that the underlying obligation imposed by the condition may not be reversed or limited.

[4] *E.g., Lawrie v. Concord Township Zoning Hearing Board,* 17 Pa. D. & C.2d 171 (1981) ; *Appeal of Every-Clean, Inc.,* 41 Pa. D. & C.2d 536 (1966).

[5] ARCO does not and cannot contend that the condition is not related to the public health, safety, or welfare.

to appeal, it should have *timely* done so after the initial adjudication in April of 1980. Having missed its opportunity then, it cannot now attempt by various other methods to get a new adjudicaion and a new right of appeal, thus effectively nullifying the 30-day limit for appeals under Section 1006 of the MPC.

The trial judge correctly granted the motion to quash. Finding no error of law, therefore, we must, affirm that order.

ORDER

AND Now, this 4th day of May, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.