## Dingman Township v. Zoning Hearing Board of Dingman Township

*John H. Klemeyer,* for appellant.
*Douglas J. Jacobs,* for appellee.

THOMSON, *P.J.,* June 29, 1987—

## FACTS

Joseph L. Prignon d/b/a Joco Camper Sales operates a business involving the sale and service of recreational vehicles on a one-acre parcel of land on U.S. Route no. 6 in Dingman Township in the Neighborhood Development District. The applicant has stored and continues to store and show recreational vehicles on the premises surrounding the building that serves as the office for the business. Under the conditions set forth in the original grant of the zoning permit by the zoning hearing board on December 12, 1983, a 50-foot setback applied.

The applicant requested, after being notified by the township zoning officer of an alleged violation of the conditions placed on the original permit, for the zoning hearing board to grant, through a variance and/or an amendment to the original permit, a right to reduce that setback from 50 to 34 feet for a 35-foot section of his road frontage. The variance request for that change in setback was denied and the amendment was granted by the zoning hearing board.

## ISSUES/DISCUSSION

The central issue in this dispute is on what basis a zoning hearing board of a township may amend or change a prior ruling of the board. Appellee contends that they have found no legal basis to disallow such action. Appellant contends that the doctrine of res judicata should apply.

In *Skopic v. The Zoning Hearing Board of Hemlock Township,* 80, Pa. Commw. 60, 471 A.2d 123 (1984) the Commonwealth Court states:

"Refusal of a variance by a zoning board does not preclude a subsequent grant of a variance for the

same land if there has been a subsequent substantial change in conditions incident to the land itself."

We believe this to be the standard to be applied to this. appeal. There is insufficient evidence in the record for this court to find that a substantial change in circumstances occurred warranting the granting of an amendment or variance.

Also, we agree that the granting of an appeal in this matter would nullify the time limit for appeal as set forth in the municipal planning code, *Atlantic Richfield Company v. Marshall Township Board of Supervisors*, 74 Pa. Commw. 100, 459 A.2d 860 (1983).

## ORDER

And now, June 29, 1987, the decision of the zoning hearing board of Dingman Township, directing that the 50-foot setback be reduced to .34 feet, was in error and is hereby reversed by this court.