553 A.2d 1046

In Re: Appeal From Stop, Cease and Desist Order, Application for Variance and Constitutional Challange of U. S. Aluminum Corporation of Pennsylvania. U. S. Aluminum Corporation of Pennsylvania, Appellant.

In Re: Appeal of Stop, Cease and Desist Order, Application for Variance and Constitutional Challenge of U. S. Aluminum Corporation of Pennsylvania. Borough of Marietta, Appellant.

Argued September 13, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge NARICK, sitting as a panel of three.

*James R. McManus,* with him, *David E. Greer, Herr, Greer* & *Hoberg,* for appellant/appellee, U. S. Aluminum Corporation of Pennsylvania.

*Michael J. Hohenadel, Nikolaus, Hohenadel, Chesters & Umbenhauer,* for appellant/appellee, Borough of Marietta.

*William C. Crosswell, Morgan, Hallgren, Crosswell & Kane, P.C.,* for appellant/appellee, Marietta Borough Zoning Hearing Board.

OPINION BY SENIOR JUDGE NARICK, February 8, 1989:

U.S. Aluminum Corp. of Pennsylvania (Appellant) has appealed from an order of the Court of Common Pleas of Lancaster County which affirmed a decision of the Zoning Hearing Board (Board) of Marietta Borough (Borough) subjecting Appellant's use of an aluminum shredder to limitations on the hours of operation. The Borough has cross-appealed to preserve its right to object to the trial court's rejection of its *res judicata* argument.[1]

The procedural history of this matter is lengthy. Appellant operates an aluminum recycling business in the Borough.[2] In 1971, it applied to the Borough for a special

---

[1] Because the Borough was successful before the trial court, *i.e.,* the decision of the Board that it supported was upheld, the Borough was not aggrieved by the trial court's order and has no standing to appeal. *See* Pa. R.A.P. 501; *Middletown Township v. Pennsylvania Public Utility Commission,* 85 Pa. Commonwealth Ct. 191, 210, 482 A.2d 674, 685 (1984) ("[m]ere disagreement with the ... legal reasoning ... does not confer standing [to appeal]."); 1 G. Darlington, K. McKeon, D. Schuckers, K. Brown, *Pennsylvania Appellate Practice,* §501:4 (1986). Accordingly, we shall quash the Borough's cross-appeal.

[2] The Board described Appellant's operations as follows:

15. U.S. Aluminum is in the business of taking aluminum used in a previous form and then processing and recasting the aluminum into a new form. The shredder separates the aluminum from iron (or other metals) which may be attached to the aluminum, and then the iron is removed magnetically.

exception from setback requirements to install a shredder. The Board granted the special exception but limited the hours of operation of the shredder to between 8:00 a.m. and 4:00 p.m. Monday through Friday. No appeal was taken from this decision. In 1975 and 1978, Appellant submitted applications to the Board to increase the hours of operation. Both were denied and Appellant did not appeal from either decision. In 1984, the Borough Zoning Officer issued a cease and desist order because of citizen complaints that Appellant was operating the shredder beyond the hours allowed.

Appellant appealed this decision to the Board, 1) seeking to have the hours of operation modified, 2) seeking a variance from the limitation on the hours of operation and 3) challenging the validity of applicable sections of the zoning ordinance on the grounds that they did not contain sufficient standards for the imposition of conditions upon operations. Following an adverse decision, Appellant appealed to common pleas court which remanded. The court found that the original special exception related to setbacks from a street, West Hazel Avenue, which the Borough had since vacated, resulting in a substantial change of conditions, allowing the Board to reconsider an application which was previously before it under other circumstances. However, the court also found that Appellant would need a special exception, under the terms of the zoning ordinance, to operate its

---

16. The shredder is equipped with a rotor having hammer-like devices which rotate, strike the aluminum and force it through a series of grates for the purpose of reducing it in size and causing it to separate from other materials.

17. Materials are fed onto the intake conveyor of the shredder by dropping bundles of material from a crane.

18. The iron which is separated from the aluminum is deposited in a metal dumpster.

(Findings of Fact Nos. 15-18, Board decision of May 29, 1985).

shredder and directed the Board to consider both Appellant's application therefor and its constitutional challenge. On remand, the Board dismissed the constitutional challenge and granted the special exception, subject to the same conditions originally imposed in 1971. The common pleas court affirmed, without taking additional evidence, and this appeal ensued.

Where a trial court has not taken additional evidence, our scope of review is limited, as was the trial court's, to determining whether the Board has committed an error of law or a manifest abuse of discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

The issues raised by Appellant are 1) whether the operation of its shredder is a permitted use and therefore beyond the scope of the Board's authority to regulate it by placing conditions upon the hours of operation; 2) whether the Borough ordinance is unconstitutionally vague; and 3) whether the Board abused its discretion in denying Appellant a variance to extend the hours during which the shredder could be operated.

The Borough argues that the threshold issue before us is whether the doctrine of *res judicata* applies to bar our consideration of Appellant's appeal where it thrice failed to appeal from Board decisions imposing identical limitations on the hours of operation of the shredder. We have recognized that there are circumstances which allow an applicant to seek modification of the conditions attached to an unappealable special exception if there has been a subsequent, substantial change in conditions incident to the land itself. *Amoco Oil Co. v. Zoning Hearing Board of Middletown Township*, 76 Pa. Commonwealth Ct. 35, 463 A.2d 103 (1983).[3]

---

[3] As the trial court noted in its original opinion remanding the case, Appellant's attempt to apply variance principles to this case is

Where an applicant seeks to establish that substantial changes have occurred which affect the conditions attached to a previously granted special exception, the precise nature of that party's burden was further explained in this Court's recent decision in *Gazebo, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh*, 112 Pa. Commonwealth Ct. 37, 535 A.2d 214 (1987). In *Gazebo*, a restaurant was granted a special exception to operate a roof-deck dining area subject to certain conditions. The zoning board, in its initial decision, recognized that it was dealing with a new type of use and left open the possibility of modifying the conditions it imposed after the restaurant had had an opportunity to operate the roof-deck area during its first season. Upon the restaurant's application for modification of the conditions limiting its hours of operation and prohibiting music, the board denied the application because of the detrimental effect on the surrounding properties. In affirming the board's decision, we noted that the board correctly had not placed a burden on the objectors to prove detriment to the public health, safety and welfare, such as they had borne in the initial proceedings when they had opposed the grant of the special exception itself.[4] That original decision was not appealed and thus became final. Consistent with our decision in *Amoco*, we held in *Gazebo* that the restaurant, as the applicant to remove a limitation on a use previously allowed by special exception, bore the burden of proving a subsequent substantial change in

---

inappropriate. An applicant for a variance seeks permission to override a prohibition of the zoning ordinance. *See* 2 R. Ryan, Pa. Zoning Law and Practice §6.1.5. Here, Appellant seeks modification of conditions attached to a use allowed by the ordinance, which was exactly the situation this Court encountered in *Amoco*.

[4] For discussion of those burdens, *see, e.g., Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

conditions, which, as we noted, "necessarily refers to factual circumstances ... ." *Id.* at 46, 535 A.2d at 218.

Such is the case here. The Board, in its original May 29, 1985 decision, recognized that Appellant had to prove a substantial change in the factual circumstances of its operation of the shredder in order to seek relief from the limitations it had imposed in 1971. The Board, in considering all of the evidence presented at the three hearings on Appellant's application, did not consider the Borough's vacation of West Hazel Avenue to be relevant to the issue of noise and vibration caused by the shredder. We must agree and believe that the trial court erred in ordering a remand for the Board to consider an irrelevant change of circumstances. Appellant had argued before that court that because the Borough had vacated West Hazel Avenue, the original reason for the special exception no longer applied.

While it is evident that confusion exists as to the grounds for the Board's imposition of the limited hours of operation in 1971, it is equally apparent that those conditions were not related to the setback requirements but, rather, were imposed because of concern regarding the disturbance to surrounding properties which the shredder would cause.[5] The time to challenge those conditions

---

[5] Appellant's property is in an IND Industrial District. It applied for relief from setback requirements in 1971 under what has since been codified in Section 98-63 of the Code of the Borough of Marietta (Code). (We refer to the 1983 codification as the parties agree that the provisions of the 1971 Zoning Ordinance of the Borough of Marietta remained unchanged in all material respects following the codification.) At the time of that application, the purposes of and the uses permitted in the IND district were described, in part, as follows:

A. Intended purpose. The IND Industrial District is designed to provide and protect areas for general industrial processing and manufacturing and permit the normal operations of these industries, subject only to regulations needed to protect nearby uses of land from hazard and noise and assure the purity of the air and water of the region.

was at the time they were imposed because our cases are clear that a timely appeal is the exclusive method of challenging a zoning board's decision. *See, e.g., Babin v. City of Lancaster,* 89 Pa. Commonwealth Ct. 527, 493 A. 2d 141 (1985); *Atlantic Richfield Co. v. Marshall Township Board of Supervisors,* 74 Pa. Commonwealth Ct. 100, 459 A.2d 860 (1983). Having failed to appeal when the Board originally attached conditions to its grant of the special exception, Appellant has waived its right to seek review of those conditions. *See Babin.* Similarly, that waiver further extends to Appellant's right to raise its constitutional challenge at this stage of the litigation. *Id.*

' The real issue in this case is whether the Board erred as a matter of law or abused its discretion in finding that Appellant had not proven a substantial change in circumstances such as would allow for modification of the hours of operation of the shredder.

—————

B. Permitted uses. Land and buildings in an IND Industrial District shall be used for the following purposes:

(1) Any use not otherwise prohibited by law of a manufacturing, fabricating, processing, packaging, compounding or treatment nature which, in the opinion of the Zoning Hearing Board, will not be injurious to or have an adverse effect on the adjacent areas and subject to such conditions, restrictions and safeguards as may be deemed necessary by the Zoning Hearing Board in the interest of public health, safety and welfare.

Code §98.16.

A separate section of the ordinance governed the criteria for special exceptions. Among the general standards listed was the following: "Operations in connection with a special use will not be more objectionable to nearby properties by reason of noise, odor, fumes, vibration, glare or smoke than would be the operations of any permitted use." Code §98-87A(10).

Although the Board's 1971 decision only specifically referred to the setback provision, it obviously considered the general criteria for special exceptions in attaching the condition limiting the shredder's hours of operation.

At the various hearings held on its application, Appellant sought to establish two different significant changes. It introduced evidence that the Borough, in 1982, had vacated West Hazel Avenue, the street from which it had originally required a setback. Secondly, it sought to prove that improvements to the shredder over the years had lowered its operating noise level. The Board rejected both arguments.

With respect to the vacation of West Hazel Avenue, the Board determined that that fact was irrelevant to the 1971 conditions because the testimony indicated that the surrounding neighborhood, including a residential area, had not changed to any substantial degree. From our review of the record, the testimony of the objectors to the application provides ample support for this conclusion.

As concerns the improvements it made to the shredder itself, the Board determined that Appellant had reconditioned and repaired the shredder over the years, but that these changes were not undertaken specifically to reduce noise and vibration and did not have such an effect. Again, the objectors testified to ongoing disturbing noises emanating from the shredding operation and the Board accepted and relied upon this testimony. Further, although Appellant presented expert testimony from a noise control acoustics consultant who analyzed current sound levels, the expert was unfamiliar with past levels and no evidence was presented to show that there had been a decrease since the conditions were imposed. Accordingly, there is support in the record for the Board's conclusion that Appellant did not meet its burden of proving a substantial change in circumstances as regards the reason for the imposition of the Board's original conditions.

Finding no error of law or abuse of discretion by the Board, we affirm the trial court's order which affirmed the Board's decision.

ORDER IN 341 C.D. 1988

AND NOW, this 8th day of February, 1989, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.

ORDER IN 474 C.D. 1988

AND NOW, this 8th day of February, 1989, the appeal of the Borough of Marietta is hereby quashed.

Judge MACPHAIL did not participate in the decision in this case.