Commonwealth of Pennsylvania ex rel. Allegheny County Health Department, Bureau of Air Pollution Control *v*. University of Pittsburgh. Allegheny County Health Department, Bureau of Air Pollution Control, Appellant.

Argued May 1, 1978, before Judges Crumlish, Jr., Wilkinson, Jr. and Blatt, sitting as a panel of three.

Gene C. Bertsch, Special Assistant County Solicitor, with him Alexander J. Jaffurs, County Solicitor, and James D. Belliveau, Special Assistant County Solicitor, for appellant.

Frank J. Lucchino, with him Lucchino, Gaitens & Hough, for appellee.

Opinion by Judge Crumlish, Jr., August 2, 1978:

The County of Allegheny (County) commenced this action by filing a summary complaint charging the University of Pittsburgh (University) with a violation of a provision of the Rules and Regulations (Regulations) of the Allegheny County Health Department, Bureau of Air Pollution Control (Department). The specific allegation charged that the University caused or allowed the emission of visible air contaminants from an incinerator located on the University Campus. After hearing, a justice of the peace found that the University had committed the violation in question

and imposed fines and costs totaling $211.00. From that adjudication, the University filed a timely appeal to the Court of Common Pleas. After a de novo hearing, that court held that the County had failed to show that the violation was caused either by improper operation of the incinerator by the University or by materials placed in it by the school and, therefore, reversed the justice of the peace. We affirm.

Preliminarily, the University raises for our consideration its contention that because the proceedings below were criminal in nature, and since those proceedings terminated with a finding in the University's favor, the County may not appeal that adjudication to this Court. The University relies upon the doctrine of double jeopardy to support its contention. We disagree.

Section 12(a) of the Air Pollution Control Act (Act), Act of January 8, 1960, P.L. (1959) 2119, *as amended,* 35 P.S. §4012(a), provides in part:

> (a) Nothing in this act shall prevent counties, cities, towns, townships or boroughs from enacting ordinances with respect to air pollution which will not be less stringent than the provisions of this act or the rules and regulations promulgated pursuant to its provisions.

Section 9(a) of the Act, 35 P.S. §4009(a), provides:

> (a) Summary Offense. Any person as herein defined, except a department, board, bureau or agency of the Commonwealth, engaging in unlawful conduct as set forth in section 8 of this act, shall, for each offense, upon conviction thereof in a summary proceeding before a district justice, magistrate, alderman or justice of the peace, be sentenced to pay the costs of prosecution and a fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00), and, in default thereof, to

undergo imprisonment of not less than ten (10) days nor more than thirty (30) days.

The fine levied against the University was imposed for a violation of Section 1809.5G, Article XVIII, of the Department's Regulations.

The Superior Court wrote in *City of Easton v. Marra,* 230 Pa. Superior Ct. 352, 354-5, 326 A.2d 637, 638 (1974):

> At one time it was true, as appellant argues, that the proper classification of an action before a magistrate or justice of the peace against an individual for the violation of a municipal ordinance as civil or criminal was confusing and unsettled. . . . This is, however, no longer the case. In York v. Baynes, 188 Pa. Super. 581, 149 A.2d 681 (1959) Judge WOODSIDE, writing for the court stated at p. 585: 'The question is a procedural one and involves no great principle of law, but it is important that it be settled. We shall, therefore, . . . put the problem to rest.' The court held in unequivocal terms that 'an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding.' . . . The action is civil despite the captioning of the case in the name of the Commonwealth . . .; despite the fact that the penalty imposed is termed a fine . . .; despite the designation of the offense as a misdemeanor . . .; and despite the institution of an action by warrant. . . . (Citations omitted)

The University points to the "not guilty" verdict rendered by the court below and alleges that this is the "critical indication" of the criminal nature of the proceedings. However, in view of the language found in *City of Easton, supra,* this factor cannot be said to be determinative of the nature of these proceedings. *See*

*also Commonwealth ex rel. Ranson Township v. Mascheska,* 429 Pa. 168, 239 A.2d 386 (1968); *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964); *Riesberg Iron and Metal Co. v. Commonwealth,* 11 Pa. Commonwealth Ct. 172, 312 A.2d 855 (1973). Since the instant action was brought against the University for the violation of a county regulation and is a suit for the recovery of a penalty due the county, it is a civil proceeding and, therefore, the University's double jeopardy contention must fail. The University's motion to quash is, therefore, dismissed.

We turn next to the County's argument that the court below, as a matter of law, improperly exonerated the University. Section 1809.5 of Article XVIII of the Regulations states:

> No person shall cause, suffer or allow emission into the open air of visible air contaminants from incinerators in such a manner that the opacity of the emission is equal to or greater than No. 1 on the Ringelmann Scale or an equivalent opacity.

We agree with the court below that the County has failed to show that the University "caused, suffered, or allowed" the emissions in question. The record below clearly establishes that no one from the Health Department ever entered the premises containing the incinerator. Moreover, the only witness testifying for the County admitted that he did not know who actually had been *causing* the violative emissions. As the court below noted, the burden of proving that the University *allowed or suffered* the emissions in question then, rests on the County. However, the Health Department offered no proof as to the ownership of the allegedly polluting incinerator. Testimony below establishes that the incinerator is used solely for the disposition of bacteriological and pathological wastes generated by

122

medical research. This material is packaged and sealed in plastic or styrofoam containers. A witness for the University testified that due to the infectious nature of the materials contained within these packages, University employees may not, for obvious and good reason, open and inspect the packages in question. Testimony indicates that numerous research institutions not connected with the University avail themselves of the incinerator for disposition of wastes. Because employees of the University may not inspect the contents of the sealed packages, we agree with the court below that the University is neither *allowing nor suffering* the emission of substances in violation of the Regulations. Any other result would, to us, require demands of the University which on balance are totally impractical or at least dangerously hazardous to the general public.

Affirmed.

#### ORDER

AND Now, this 2nd day of August, 1978, the order of the Court of Common Pleas of Allegheny County is affirmed.