Board of Supervisors of West Brandywine Township *v.* Gene Matlack, Appellant.

Argued September 25, 1978, before Judges CRUM-LISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*G. Eugene Beechwood, Jr.,* for appellant.

*William H. Mitman, Jr.,* for appellee.

OPINION BY JUDGE WILKINSON, JR., November 1, 1978:

Appellant seeks review of the propriety of the issuance of a permanent injunction by the Court of Common Pleas of Chester County enjoining the further expansion of a non-conforming use of his property in West Brandywine Township (Township) in violation of the Township's zoning ordinance. We affirm.

Appellant is the owner of three contiguous tracts of land, all of which are located in an R-1 residential district. The middle tract, (hereafter tract 1), had been used for the repair and sale of motor vehicles since 1951 and thus constituted a non-conforming use at the time of the enactment of the Township zoning ordinance in 1968. Upon acquisition of the property on or about July 27, 1976, appellant allegedly expanded his business to include the storage of additional motor vehicles on the two adjacent tracts (hereafter tracts 2 and 3) as well as increasing the number of vehicles stored on tract 1. On September 7, 1976 the Board of Supervisors of the Township (appellee) sought an injunction to restrain the alleged violations of the Township zoning ordinance. Subsequently, the grantors of tracts 2 and 3 sought an injunction to enforce deed restrictions which prohibited the use of tracts 2 and 3 for commercial purposes. The trial court, by agreement of the parties, consolidated the two cases and after a hearing held February 4, 1977 rendered an adjudication which found the appellant had violated the deed restrictions with respect to tracts 2 and 3 and further that appellant was in violation of the zoning ordinance which limited expansion of non-conforming uses to an additional 50 per cent of the use at the time of the enactment of the ordinance with respect to tract 1. In a decree nisi issued March 4, 1977, and made final on July 25, 1977, ap-

pellant was enjoined from further use of the property in violation of the deed restriction and the Township ordinance. On November 17, 1977, upon a petition by appellee and after a hearing, appellant was held in contempt for failure to comply with the court's order and on December 2, 1977 this failure was adjudged willful and appellant was ordered incarcerated until he complied with its terms. Upon a stipulation of the parties, dated December 8, 1977, the order of sentence was deferred when appellant agreed to comply with the court order and not to seek a supersedeas pending appeal.

Appellant has filed two appeals which have been consolidated for review by this Court.[1] In No. 1734 C.D. 1977 appellant challenges the equity jurisdiction of the trial court alleging the Township had an adequate remedy at law. In No. 27 T.D. 1978, transferred here by the Superior Court, appellant challenges the standing of the Township to seek enforcement of the court's July 25, 1977 order as well as the enforceability of that order.

It is clear appellant's challenge to the trial court's equity jurisdiction is without merit since Section 617 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10617, expressly empowers municipalities to seek equitable relief to restrain violations of their zoning ordinances. *See Township of South Fayette v. Boys' Home*, 31 Pa. Commonwealth Ct. 254, 376 A.2d 663 (1977); *Hilltown Township v. Mager*, 6 Pa. Common-

---

[1] In both appeals appellee has also filed motions to quash. These motions are hereby denied since it appears to us that in No. 1734 C.D. 1977 appellant has properly raised a question of subject matter jurisdiction and in No. 27 T.D. 1978 appellant has filed a timely appeal regarding the enforcement of the court's order in the contempt action.

wealth Ct. 90, 293 A.2d 631 (1972), *cert. denied*, 411 U.S. 979 (1973). Moreover, this power is not limited by the power of the municipality to impose penalties for violations. *Compare* Section 617 of the Code *with* Section 616 of the Code, 53 P.S. §10616.

Appellant's challenge to the Township's standing to seek enforcement of the Court's order is equally without merit. The decree entered on March 4, 1977, made final July 25, 1977, specifically enjoined the appellant from further violations of the Township's zoning ordinance. The fact that the order also included the enforcement of deed restrictions does not vitiate appellee's standing to enforce that portion of the order that relates to its ordinance. Similarly, we are not persuaded, nor does anything in the record support the conclusion, that the court's order was so vague as to be unenforceable. At the hearing on the injunction, appellant testified that in 1968, the year the Township zoning ordinance was enacted, approximately 50 to 75 vehicles were stored on the property. He further admitted that at the time of the hearing approximately 250 vehicles were stored on the property. The order of the trial court simply ordered appellant to comply with the zoning ordinance with respect to the expansion of non-conforming uses. The appellant does not contend the ordinance provision limiting expansion of a non-conforming use to 50 per cent additional use of that at the time of the enactment of the ordinance is in any way vague or unclear. Zoning ordinances are a matter of public record of which appellant was put on constructive notice at the time he purchased the property and of which he was almost certainly put on actual notice when appellee sought a permanent injunction. Given such testimony and under such circumstances we find it inconceivable that appellant would be confused as to the meaning of the order.

Accordingly, we will enter the following

ORDER

AND Now, November 1, 1978, the orders of the Court of Common Pleas of Chester County at No. 110 Equity Term, 1976, dated July 25, 1977 and December 2, 1977 are hereby affirmed, and the case remanded to the Court of Common Pleas for proper enforcement and disposition of its orders.