William Hawkins *v.* Zoning Hearing Board of the Township of Bristol. Township of Bristol, Appellant.

Argued June 6, 1983, before Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Clyde W. Waite,* for appellant.

*Robert P. Snyder,* for appellee.

OPINION BY JUDGE ROGERS, August 19, 1983:

This is the appeal of Bristol Township from an order of the Court of Common Pleas of Bucks County reversing decisions of the township zoning hearing board denying the appellee, William Hawkins, the right to use a premises in the township's M-2 Heavy Manufacturing zoning district as an adult massage center.

In September, 1980, Morton Schwartzman, the owner of the premises, applied for a use and occupancy permit. On the form of application Hawkins wrote under the heading, General Description of the Work, "Health Center/Physical Therapy" and under the heading, Intended Uses, "Health Center work with Insurance Co. & Doctors, therapeutic heat massages, exercise machines." A use and occupancy permit was issued to Schwartzman on which the intended use was described as "Heath Center/Physical Therapy." Schwartzman leased the premises to William Hawkins

who then commenced operation of what he admitted could most properly be called an adult massage center. The record shows that the adult massage center was given the name Emilie's Massage Parlor[1] and that the operatives were women, referred to by the appellee at the board hearings as his subcontractors.[2]

The use and occupancy permit was revoked by the township in March, 1981, on the ground that the use was not in accordance with the use and occupancy permit. The appellee filed an appeal from this action. He also filed two successive applications for use and occupancy permits. In the first, the intended use was described as "Health Center/Therapeutic Massage" and in the second as "Adult Massage Center." Both were rejected by the township on the ground that the intended uses were not permitted uses in the M-2, Heavy Manufacturing zoning district.

The appellee filed appeals to the board from all these actions: the revocation of the use and occupancy permit granted to Schwartzman and the rejection of the two applications made by the appellee. After hearings, the board upheld the actions of the township. The court of common pleas, which received no evidence, reversed the board's decisions and ordered "the [Zoning Hearing] Board to reinstate and/or issue an appropriate use and occupancy permit. . . ." We may assume that the court meant that the township should issue a permit and that it would be for the use of the

[1] It is located on Emilie Road.

[2] In the interest of completeness we record that there are perhaps two exercycles and a motorized reducing belt on the premises but there is no evidence that any patron used any of these devices; also that Hawkins testified that he once discharged a subcontractor on suspicion of prostitution; and finally that a township police officer who patronized Emilie's Massage Parlor undercover testified that the operative who massaged him offered, for an extra charge, an additional service of considerable intimacy.

premises as an adult massage center because the court employs that phrase as the true description of the use of the premises made, and intended to be made, by the appellee.

The parties, the board and the common pleas court all agree that if the use of the premises as an adult massage center serviced by women subcontractors of the appellee is to be permitted in the M-2 Heavy Manufacturing district, it must fit the description found at Section 132(2)(b) of Part 14 of the Bristol Township Zoning ordinance, which is as follows:

*Section 132. Use regulations.* The specific uses permitted in this District shall be ...

2 ...

(b) Commercial recreational, amusement or atheletic facilities provided that these uses are limited to indoors or within the confines of a fully enclosed building.

The absence of a comma between the words "commercial" and "recreational" is significant because that omission renders the word "commercial" an adverb modifying the word "recreational"—with the result that the use of the facilities allowed are commercial recreational, amusement and athletic. The use of land or buildings as commercial facilities alone is not permitted.

The opinion of the court of common pleas correctly reproduces Section 132(2)(b), that is, with no comma between "commercial" and "recreational." The court may have, however, overlooked the absence of the comma between "commercial" and "recreational" when considering the merits, because its statement of the holding reads as follows:

Construing the ordinance in question in accordance with the aforementioned standards [that permissive phrases must be given their broadest meaning and restrictions on land use

474

must be strictly construed] we conclude that an "adult massage center" is a permitted use in the M-2, Heavy Manufacturing District. Whether massages are being rendered for therapeutic, recreational, or merely amusement purposes, the use clearly falls within the broad language of the ordinance, i.e., commercial, recreational, amusement or athletic facilities. We therefore hold that the Zoning Hearing Board committed an error of law in concluding that the proposed use was not permitted in the M-2, Heavy Manufacturing District.

It will be noted that the court has inserted a comma between the words commercial and recreational, giving the word commercial a meaning separate from and independent of the words recreational, amusement and athletic. If the court misread the ordinance and concluded that the appellee's adult massage center was permitted as a commercial facility it erred because, as we have noted, commercial uses are not independently permitted. Even if the court did not thus misapprehend the true meaning of the provision, we would be constrained to disagree with its holding because we do not believe that the place where a massage is administered for a price is a "commercial recreational, amusement or athletic facility." Massage is defined as "manipulation of the tissues for remedial or hygienic purposes." Webster's Third New International Dictionary 1388 (1969). Indeed, the appellee Hawkins testified that the purpose of massage was to promote health and the feeling of well-being and that it was for this reason he described his proposed activities in his applications as the conduct of a health center and the administration of physical therapy and therapeutic heat massages. The synonyms of recreation are diversion, play; that of amusement, "pleasurable diversion," "entertainment." Webster's, *su-*

*pra* at 1899, 74. A massage, as defined by the appellee, is something healthful, not a form of play, diversion or entertainment. It is not a form of athletic endeavor.

Our interpretation of the meaning of Section 132 (b).(2) as not including an adult massage center is supported by a reading of other provisions of the zoning ordinance. In the C Commercial, the C-S Shopping Center and the C-N Neighborhood Commercial zoning districts, personal service shops, defined as including barber shops and beauty parlors and "uses of the same general character," are permitted. A massage is certainly a personal service and the use of a premises as a massage center is certainly a use of the same general character as the use of a premises as a barber shop or a beauty salon.

Order reversed.

### ORDER

AND Now, this 19th day of August, 1983, the order of the Court of Common Pleas of Bucks County is reversed.