## Kar Kingdom, Inc., Appellant *v.* Zoning Hearing Board of Middletown Township, Appellee.

Argued December 10, 1984, before Judges Rogers and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Neil A. Morris, Sidkoff, Pincus, Greenberg & Green, P.C.*, for appellant.

*Bernard D. Cullen, Brady, Lindner & Cullen*, for appellee.

Opinion by Judge Rogers, March 25, 1985:

Kar Kingdom, Inc. has appealed from an order of the Court of Common Pleas of Bucks County affirm-

ing the actions of the Middletown Township Zoning Hearing Board (1) of rejecting what the appellant refers to as an appeal to the board from a citation issued by a district justice and (2) of refusing its application for a variance from the sign regulations of the township's zoning ordinance.

In August of 1981, Kar Kingdom opened a used car dealership at the intersection of Routes 1 and 213 in Middletown Township. Finding business to be slower than it had expected and believing that this was because persons driving on Route 1 passed the intersection before realizing that its used car lot was there, the appellant painted the words "USED CARS" in large letters across the sloping roof of its sales office. The painted letters extended over an area of 513 square feet. The pertinent township zoning regulations permitted a sign not exceeding 90.32 square feet.

On December 8, 1981, the township zoning officer sent, and on December 11, 1981 the appellant received, an order that it remove the sign, informing that the sign was placed without the required permit and that it exceeded the maximum allowed size. The order was not complied with.

On January 6, 1982, a district justice issued a citation upon complaint or information of the zoning officer charging the appellant with violating ordinance by erecting an oversize sign without permit.

On January 13, 1982, the appellant applied to the board for a variance "to permit a roof sign with an area of 513 square feet instead of the permitted 90.32 square feet."

On February 3, 1982, appellant's counsel wrote to the board to the effect that a marking on the variance application filed on January 13, 1982 was an expression of an appeal from the zoning officer's "decision to file a citation" and setting out as the ground for

appeal that no permit was required for painting a sign on a roof.

On February 22, 1982, the zoning board conducted a hearing. Counsel for the appellant contended that two matters were before the board, an appeal from an action of the zoning officer ordering the removal of the sign and an application for a variance. The board questioned whether there was an appeal and if so whether it was timely. The board finally agreed to hear evidence concerning the issue sought to be raised as an appeal, reserving decision on whether an appeal was properly before it.

The board and the court of common pleas decided that no timely appeal from a decision of the zoning officer had been filed. The board and the court nevertheless also decided on its merits the only issue raised in the appellant's claimed appeal, that of whether a permit was required to paint a sign on a roof. They decided that a permit was required.

We will briefly address the appellant's urgent contention that the action of a zoning officer in making application to a district justice for a citation is a decision appealable to the zoning board.

Section 1006(1)(d)(2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11006(1)(d)(2), provides that a landowner desiring to appeal from a decision of a governing body or an officer of the municipality "which prohibits or restricts the use or development of land in which he has an interest" must do so "within thirty days after notice of the decision is issued. . . ." The appellant, having failed to file an appeal from the zoning officer's order to remove the sign within thirty days from its issuance on December 8, 1981 or its receipt on December 11, 1981, contends that the letter of its counsel of February 3, 1982 was a timely appeal because it was filed within thirty days

after January 6, 1982, the date the citation issued. The decision appealed, says the appellant, was the zoning officer's decision to file with the district justice the complaint or information necessary to the issuance of the citation. The argument is specious for a variety of reasons: The issuance by a district justice of a citation is not a decision of the zoning officer and its propriety is not a matter the zoning board has the power to decide; the putative "decision" of the zoning officer to seek a citation is not a decision which prohibits or restricts the use or development of land, which under MPC Section 1006(1) is the only kind of decision appealable; and the appeal to the board from a decision of the zoning officer to seek a citation would present the board not with the question of whether the zoning officer's order that the sign be removed was lawful but that of whether the zoning officer abused his discretion in seeking the citation, again a matter not within the board's power to adjudicate. Further, there is no authority in law for the proposition that unappealed and unappealable orders of zoning officers are subject to review by zoning hearing boards whenever in the future the municipalities seek to enforce their regulations by summary proceedings before the minor judiciary.[1]

---

[1] The appellant also contends that the case of *Appeal of McGinnis*, 68 Pa. Commonwealth Ct. 57, 448 A.2d 108 (1982), holds that although a landowner has not appealed a cease and desist order within thirty days after notice, he may file an appeal from a citation of a district justice to the zoning hearing board having the effect of a timely appeal from the cease and desist order. In *McGinnis*, the landowner had evaded service of a cease and desist order; later, a citation was served; the landowner then filed with the board an appeal and an application for a variance. The municipality did not contest the regularity of either the appeal or the variance, being well satisfied to have the landowner before the zoning hearing board on the merits. The regularity of the appeal was not in issue in *McGinnis*. In the case *sub judice* the cease and desist order was served and the appellant failed to appeal.

Passing briefly to the merits of the appellant's "appeal" from the citation, we observe that Section 2001.0 of the township zoning ordinance defines the phrase roof sign as "a sign erected on or above the roof, or parapet of a building." The appellant's argument is that since it merely painted the letters "USED CARS" on the roof, and erected nothing, it does not have a roof sign. The appellant has overlooked Section 2000 of the ordinance, a provision of general application, which requires all "signs hereafter erected or maintained [to] conform" with the provisions of the ordinance. The appellant's lettering on the roof, which the appellant itself calls a sign, as distinquished from a roof sign, is surely being maintained and therefore surely subject to all the requirements of the ordinance. Also, as Judge BORTNER writing for the common pleas court notes, Webster's Third New International Dictionary 770 (1966) gives as one meaning of the verb "erect", "to draw or construct (a perpendicular or a figure) upon a given base."

The appellant next contends that the trial court erred "in allowing *ex parte* evidence against appellant to be considered by the Zoning Hearing Board without affording appellant prior notice of the opportunity to contest this evidence, as required by 53 P.S. §§10908(5)(8)."

Section 908(5), (8) of the MPC, 53 P.S. §§10908 (5), (8) provides:

§10908.  Hearings

The board shall conduct hearings and make decisions in accordance with the following requirements:

. . . .

(5)   The parties shall have the right to be represented by counsel and shall be afforded the opportunity to respond and present evi-

dence and argument and cross-examine adverse witnesses on all relevant issues; and

(8) The board or the hearing officer shall not communicate, directly or indirectly, with any party or his representatives in connection with any issue involved except upon notice and opportunity for all parties to participate, shall not take notice of any communication, reports, staff memoranda, or other materials unless the parties are afforded an opportunity to contest the material so noticed and shall not inspect the site or its surroundings after the commencement of hearings with any party or his representative unless all parties are given an opportunity to be present.

At the outset of the second board hearing, the chairman read two pieces of correspondence; the first was a note from the township planning commission recording that body's objection to the grant of a variance and the second was a memorandum from the supervisors to the township solicitor directing her to oppose the variance.[2] Neither communication offered matters of evidence or argument. The appellant's counsel was present and made no objection to the readings and offered no response or argument. We discern no violation of the statute in these circumstances.

The appellant as noted asserts that the board, affirmed by the common pleas court, erred in concluding that it was not entitled to a variance for its outsized sign. One applying for a variance must demonstrate that the zoning regulations complained of uniquely burden his property; and mere economic hardship resulting from the necessity for complying with the regulations shared in common with all other landown-

---

[2] The zoning hearing board was represented by other, its own, counsel.

ers is not unnecessary hardship. *Appeal of Buckingham Developers, Inc.,* 61 Pa. Commonwealth Ct. 408, 412, 433 A.2d 931, 933 (1981). The appellant's evidence tended to show only, to use its words, that its "painted roof has remedied the business problems which would have caused appellant economic hardships to the point of bankruptcy." The variance was properly refused.

The appellant also contends that the sign regulations are unconstitutional because they seek to promote only aesthetic values. In *Norate Corporation Inc. v. Zoning Board of Adjustment,* 417 Pa. 397, 207 A.2d 890 (1965), the Supreme Court wrote "a municipality has the power to regulate signs, billboards and other advertising media provided such regulation is not unreasonable, arbitrary or discriminatory and bears a reasonable relationship to the safety, morals, health or general welfare of the community. . . ." *Id.* at 405, 207 A.2d at 895 (citations omitted). The appellant adduced no evidence that the regulation was excessive or without relationship to the interests it was intended to promote, safety and the general welfare.

Finally the appellant contends that somehow the zoning officer's order should have been overturned and the variance granted, despite the absence of an appeal from the former and lack of evidence for the latter, because the sign regulations had been, as the appellant puts it, selectively enforced. The common pleas court correctly held that this issue raised by the "appeal" was immaterial because no effective appeal had been filed. We note, moreover, that the fact that there were other violations of the sign regulations did not preclude their enforcement in the appellant's case. *Ridley Township v. Pronesti,* 431 Pa. 34, 244 A.2d 719 (1968); *Fotomat Corporation v. Zoning Hearing Board of Upper Dublin Township,* 51 Pa. Common-

wealth Ct. 267, 414 A.2d 718 (1980); *Braccia et ux. v. Upper Moreland Township Zoning Hearing Board*, 16 Pa. Commonwealth Ct. 214, 327 A.2d 886 (1974). The appellant's charges of bias and improprieties against the zoning officer, the hearing board and the township solicitor are without foundation in the record.

Order affirmed.

### Order

And Now, this 25th day of March, 1985, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

Judge Williams, Jr. did not participate in the decision in this case.