## Municipality of Monroeville v. Gateway Motels Inc.

*John M. Silvestri*, for plaintiff.
*Anthony J. Martin*, for defendant.

NARICK, *A.J.*, April 15, 1986 — Plaintiff municipality is before this court pursuant to its motion for a preliminary injunction to require defendant to comply with certain of its ordinances. For the reasons set forth below, we hereby grant the injunction.

The facts are not in dispute, and may be summarized as follows: defendant Gateway Motels Inc. operates a motel facility in the Municipality of Monroeville. In 1976, the municipality, through its Resolution 76-2, approved Al Monzo's (President of Gateway Motels Inc.) conditional use application for the location of a helicopter landing site upon the motel property. Defendant subsequently secured both federal and state approval to operate its private heliport. The municipality's resolution contained certain conditions for the granting of the application, and it appears that plaintiff was forced to previously sue this defendant to require compliance. That litigation resulted in the conclusion of a consent decree dated April 30, 1977. To date, defendant has refused to comply with several of the provisions of both the resolution and the consent decree, and plaintiff seeks to compel compliance.

The ordinances at issue require: (1) that the landowner hook up its private fire alarm system to the municipal fire alarm system, (2) that the landowner designate fire lanes and post signs therefor (which defendant claims to have done), (3) that fire equipment be installed in close proximity to a heliport, (4) that aircraft hangars be equipped with an automatic fire sprinkler system, and (5) that a permit be issued for the operation of a heliport.

At the outset, we note that defendant would have this court excuse its admitted noncompliance on the basis of a letter to defendant from Marshall W. Bond, then municipal manager, dated September 10, 1980. Mr. Bond stated therein that the municipality would postpone the approval date of defendant's conditional use application for an extension of the helicopter landing area pending resolution of the lawsuit between defendant (as plaintiff) and Duquesne Light Co. regarding the relocation of the latter's overhead utility lines. Because its case with Duquense Light is still unresolved, defendant contends that plaintiff is now estopped from attempting to require it to adhere to the municipal ordinances at issue. However, as we understand it, defendant has sought to extend its helicopter landing area. Overhead utility lines presently prevent that expansion, and defendant has brought suit to compel Duquesne Light to remove them. Accordingly, the municipality, through Mr. Bond, agreed to wait until that case was terminated before considering defendant's application. There is no mention in the letter of the municipality's abandoning past claims with respect to existing structures and/or installations, and we see no reason why municipal ordinances would not remain applicable to them during the pendency of an ancillary matter. We accordingly find the municipal ordinances remain applicable.

Two main issues were before us for disposition: whether we may exercise equity jurisdiction to issue a preliminary injunction in this case, and whether local regulation of heliports has been preempted by federal aviation legislation.

Plaintiff has provided convincing statutory authority for its proposition that a preliminary injunction is a proper remedy under these circumstances. As defendant has correctly indicated, it would be necessary, in a normal case, for the plaintiff to demonstrate that he has suffered immediate and irreparable injury for which he had no remedy at law in order for an injunction to issue. However, in our view, the statute operates to change the criteria when a violation of a municipality order is at issue.

"In case any building, structure, or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality, in addition to other remedies, may institute in the name of the municipality any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation." 53 P.S. §10617.

This section specifically provides that an injunction is available even when a municipality may have other remedies. Case law on the subject also supports this position. The court in *Board of Supervisors of West Brandywine Township v. Matlock*, 38 Pa.Commw. 366, 394 A.2d 639 (1978), dismissed appellant's challenge to the trial court's equity jurisdiction as without merit, based upon the above statutory language. It held that the municipality's ability to impose fines or penalties was a supplemental

remedy independent of the equitable relief sought. In *Township of South Fayette v. Boy's Home*, 31 Pa.Commw. 254, 376 A.2d 663 (1977), it was held that the township, again on the basis of 53 P.S. § 10617, was not required to exhaust statutory remedies provided for in its zoning and land use ordinances in order to restrain uses in violation of those ordinances. See also, *Bradley v. Township of South Londonderry*, 64 Pa.Commw. 395, 440 A.2d 665 (1982). We note that none of these municipalities were required by the court in the above-referenced cases to demonstrate that they would suffer irreparable or immediate injury. The fact that there was a violation of the ordinances was sufficient to bring into play the municipality's statutory remedy of an injunction. On the basis of this authority, we deem this to be a proper instance for the granting of injunctive relief.

This conclusion must be supplemented by a determination that federal laws have not pre-empted local ordinances governing the operations of private heliports. We are satisfied that they have not, despite the fact that this appears to be a case of first impression in Pennsylvania. Plaintiff, however, has directed our attention to the Supreme Court of New Jersey's opinion in the case of *Garden State Farms Inc. v. Bay*, 77 N.J. 439, 390 A.2d 1177 (1978). That case involved the issue of whether local zoning ordinances with respect to private heliports were pre-empted by federal or state legislation governing aviation. In an excellent discussion, the court concluded they were not. We agree with our sister court's reasoning, which may be briefly summarized as follows: the Federal Aviation Act of 1958, 49 U.S.CA. § 1301 et seq., expressly regulates air commerce, 49 U.S.C.A. § 1303(a), which is defined as ". . . any operation or navigation of aircraft which

directly affects . . . interstate, overseas, or foreign air commerce." 49 U.S.C.A. §1301(4). Expressly preempted under the statute are federal control of "rates, routes, or services or any air carrier." 49 U.S.C.A. §1305. In addition, pre-emption may be found where the activity involved intrinsically requires uniformity of regulation, *Cooley v. Board of Wardens of the Port of Philadelphia*, 53 U.S. 299 (1851), or where Congress has impliedly assumed regulation of the entire field, *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218 (1947).

In the instant matter, we fail to see that uniformity of fire safety standards is necessary, or even desirable. Further, it cannot be said that congress has impliedly assumed regulation of the entire field. In fact, in the Federal Aviation Administration's (FAA) letter to defendant, dated March 15, 1977, defendant was advised that a minimum of two fire extinguishers, of the type recommended by local authorities, were required to be kept at the heliport. The establishment of a minimum safety standard certainly does not indicate a desire to exercise exclusive control over that area. Indeed, the FAA appears to suggest that local authorities might be better placed to decides safety issues. Finally, we note that the FAA has promulgated no regulations with respect to private heliports. As the court in *Garden State* indicated, if pre-emption were found, state and local governments would not be permitted to regulate these facilities. As no federal regulations exist, that would leave a governmental vacuum, surely not a result intended by Congress.

In accordance with the foregoing reasons, we enter the following.

### ORDER

And now, April 15, 1986, it is hereby ordered, adjudged and decreed that plaintiff Municipality of

Monroeville's motion for preliminary injunction be granted. No bond is required to be posted. Defendant Gateway Motels Inc. is hereby ordered to comply with the provisions of the following ordinances and/or resolutions within 60 days of the date of this order:

Ordinance 1325 and Resolution 76-2 (Paragraph 2B), requiring landowner to hook up its private fire alarm system to the municipal fire alarm system;

Ordinance 713, requiring landowner to designate fire lanes and post signs therefor;

BOCA Fire Prevention Code §101.4.1 and Resolution 76-2 (paragraph 2), requiring fire equipment in close proximity to the heliport;

BOCA Basic Building Code §1202.14, requiring aircraft hangars to be equipped with an automatic fire sprinkler system; and

BOCA Fire Prevention Code §F-600.2, requiring a permit for the operation of a heliport.