557 A.2d 1176

## Millersville Borough, Appellant *v.* Martin Fruitman and Sandra Fruitman, Appellees.

Argued April 4, 1989, before Judges BARRY and COLINS (P.), and Senior Judge KALISH, sitting as a panel of three.

*Peter M. Schannauer,* for appellant.

No appearance for the appellee.

OPINION BY JUDGE COLINS, May 9, 1989:

The Borough of Millersville (Borough) appeals an order of the Lancaster County Court of Common Pleas (trial court) which dismissed an action in equity brought by the Borough. The Borough's action sought to restrain Martin and Sandra Fruitman (appellees) from continuing to violate the Borough's Housing Maintenance and Occupancy Code (Housing Code) by submitting to an inspection and obtaining a license for a leased residential property owned by appellees.

The Borough's Housing Code in relevant portion requires that property owners who lease their property must apply for an annual rental license for which a fee of $30.00 is charged. Prior to granting a rental license, the Borough is required to perform an inspection of the rental unit which must be in substantial conformance with the Housing Code. The Borough adopted its Housing Code pursuant to the authority granted in Section 1202(24) of the Borough Code[1] which permits a Borough to "enact and enforce ordinances relating to buildings and housing, their construction, alteration, extension, repair and maintenance and all facilities and services in or about such buildings or housing, ... to provide for enforcement

---

[1] Act of February 1, 1966, P.L. 1965, *as amended,* 53 P.S. §46202(24).

of such regulations by a reasonable fine, and by instituting appropriate actions or proceedings at law, *or in equity,* to effect the purposes of this provision and ordinances enacted thereunder. ..."

Appellees own a house located at 419 North George Street, Millersville, which was rented without a license to tenants in both 1987 and 1988. The Borough mailed appellees at least two notices of violation informing them that the rental of their property without obtaining a license constituted a violation of the Housing Code. Although appellees were afforded the opportunity to appeal the notices of violation to the Housing and Betterment Committee, they failed to do so.

The Borough instituted the present equity action pursuant to Section 108.4(1)[2] of the Housing Code in order to restrain and correct appellees' continuing violations of the Housing Code. Appellees' answer and new matter admitted that they had not applied for a license, but argued that their noncompliance was due to the unconstitutional provisions contained in the Housing Code.[3] Although the Borough filed preliminary objec-

---

[2] This section provides:

In case any violation order is not promptly complied with, the Code official may request the jurisdiction's legal representative to institute ... an appropriate action or proceeding at law to exact the penalty provided in Section 108.0 ... the Code official may [also] ask the legal representative to proceed at law or in equity against the person responsible.
...

[3] Appellees challenged the constitutionality of the licensure procedure contained in the Housing Code. Specifically, appellees argued that the Housing Code was contrary to the Equal Protection Clause of the Fourteenth Amendment U.S. Const. amend. XIV, §1, the Ninth Amendment right of personal privacy, U.S. Const. amend. IX, and Article I, Section 26 of the Pennsylvania Constitution, since it granted owner occupied dwellings "blanket exemptions" from housing inspections and, therefore, discriminated against the citizens of Millersville who must rent. This argument is flawed in that,

tions to the answer and new matter of appellees, these were later withdrawn by stipulation of the parties.

On August 19, 1988, the trial court dismissed the instant action and found that the summary criminal proceedings permitted by the Housing Code[4] were available to the Borough as a remedy to correct the problem of appellees' noncompliance and concluded that an equity action was, therefore, not appropriate. The Borough appealed that order.

The Borough now asserts that the trial court committed an error of law by dismissing the Borough's equity action on the ground that it had not exhausted other statutory remedies. The Borough argues that the requirement that statutory remedies be exercised or exhausted does not apply to this case, since the equity remedy is also a statutorily available remedy. *Babin v. City of Lancaster,* 89 Pa. Commonwealth Ct. 527, 493 A.2d 141 (1985); *Bradley v. Township of South Londonderry,* 64 Pa. Commonwealth Ct. 395, 440 A.2d 665 (1982). Moreover, the Borough argues that when a statute permits an action in equity, the use of that remedy is not restricted or limited by the existence of another statutory remedy such as a summary criminal proceeding, which is also provided by the Housing Code. *Bradley; Supervisors of West Brandywine Township v. Matlack,* 38 Pa. Commonwealth Ct. 366, 394 A.2d 639 (1978).

---

although owner occupied dwellings are not subject to the licensure procedure of the Housing Code, they are, nevertheless, subject to inspection pursuant to Sections 104.3 and 104.6 of the Housing Code upon complaint.

[4] Section 108.3 of the Housing Code provides that any owner who fails to follow the licensing procedure and is found to be operating without a license "shall be guilty of a summary offense and subject to a fine of not more than $300.00 or ninety (90) days in jail or both. ..."

We agree with the Borough. The Borough Code clearly calls for the availability of an action in equity in order to enforce housing codes. Accordingly, the Borough had a right to proceed in equity just as it had the right to proceed at law. It, therefore, was an error of law for the trial court to dismiss the Borough's action on the basis that the Borough failed to avail itself of the summary criminal enforcement provision contained in the Housing Code.

Based upon the foregoing discussion, the order of the trial court is vacated and the record in this matter is remanded for proceedings consistent with this opinion.

### ORDER

AND NOW, this 9th day of May, 1989, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is vacated and the record is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.