639 A.2d 1282

**MEL BLOUNT YOUTH HOME OF PENNSYLVANIA, INC., and/or Mel Blount, Appellant,**

v.

**BUFFALO TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 1994.

Decided March 29, 1994.

704

Robert N. Clarke, for appellant.

Thomas O. Vreeland, for appellee.

Before SMITH and NEWMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Mel Blount Youth Home of Pennsylvania (Youth Home) appeals from the June 8, 1993 order of the Court of Common Pleas of Washington County (trial court) affirming the Buffalo Township Board of Supervisors' (Board's) (1) denial of an amendment to a conditional use permit to increase the maximum age of juveniles housed at the Youth Home from 7–13 to 7–17 years of age; and (2) dismissal of the Youth Home's appeal.

## Issues

There are two issues before us for review. The first issue is whether the trial court erred in finding that the Youth Home's appeal of the denial of the age increase amendment to the original conditional use permit was timely, and not merely an untimely appeal to the original conditional use permit. The second issue is whether the trial court erred in determining that the Board properly considered age as a factor in denying an amendment to a conditional use permit.

## Background

On September 15, 1990, Mel Blount purchased 250 acres in Buffalo Township in order to run a group home for troubled youths. Prior to the purchase, the Youth Home applied for a conditional use permit pursuant to Section 802.7.1 of the Township's zoning ordinances.[1] On September 20, 1989, the Township approved the application.

1. Section 802.7.1 provides as follows:
   1. Institutional residences or group homes may be permitted on farm properties in the Rural Agricultural District if the rural environment is of therapeutic or other special benefit to the residents of the proposed use....
   2. The applicant shall submit evidence to the Township Supervisors that the proposed use will be compatible with the area in which it is located and may impose such restrictions as it deems necessary on the construction and size of structures, parking and accessory

In the permit approval itself, the Township outlined the restrictions on the Youth Home's conditional use. In paragraphs 8 and 10, the Township stated that the maximum number of occupants could be 20, the maximum number of buildings could be 3 and the minimum to maximum ages of the occupants could be from 7–13 years of age. (R.R. 24.)

On September 10, 1992, the Youth Home made an application to amend the permit to increase the number of residents to 24 and the maximum age of residents to 17 years. On December 10, 1992, the Township granted the Youth Home's application as to the increase in the number of occupants, but denied its request to increase the age restriction.

The Board denied the application to increase the age restriction for the following reasons:

a) The home failed to take an appeal of the original grant of the conditional use permit of September 20, 1989.

b) The home has requested that the age be increased to a maximum of seventeen (17) with assurance that children at the age of eighteen (18) can no longer be kept or controlled by the home. This is not true. The Court exercises jurisdiction over all juvenile and dependent children until age twenty-one (21) if necessary.

c) The testimony presented reaffirmed that the home provides only a six (6) to eighteen (18) month program.

d) The home is currently filled with youth who are fourteen (14) years of age or younger.

e) The home is currently in violation of the conditional use permit by allowing two youths over the age of fourteen (14) to remain.

(R.R. 109–10.)

On December 15, 1992, the Youth Home appealed the Board's denial to the trial court. The trial court found that the Youth Home's failure to appeal the original conditional use permit did not preclude it indefinitely from challenging the

uses, and upon the number of persons who shall be permitted to occupy the premises as a residence or for other purposes. (R.R. 103.)

terms of the permit. Thus, the court concluded that the Youth Home made a timely appeal of the Board's denial of its requested amendment and not, as argued by the Township, an untimely appeal of the terms of the original conditional use permit.

On the merits, the trial court affirmed the Board's denial, finding that, although age is not an enumerated criterion to be considered under the Township's conditional use ordinance, the court cannot find that age should not be a factor to be considered as part of the decision making process. The court noted that the ordinance should be liberally construed pursuant to Section 1928 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928.

In addition, the trial court noted that age was obviously a criterion considered by the Board at the time it granted the conditional use permit. *See* Paragraph 10 of the Conditional Use Approval, R.R. 24. Further, the court in a footnote noted "the potentially detrimental effects of mingling troubled children from ages 7 to 17," the latter of whom "are more adult, physically and emotionally (street wise)." Trial Court's Opinion at 8.

### 1. Timeliness of the Youth Home's Appeal

█ The Township argues that, because the Youth Home did not take an appeal from the original September 20, 1989 granting of the conditional use permit, its December 15, 1992 appeal of the denial of the amendment was not timely. The Township contends that, merely because it entertained the Youth Home's application to amend the conditional use permit and granted it in part, the Youth Home is not now free to challenge the balance of the conditions set forth in the permit.

The Township cites *Babin v. City of Lancaster*, 89 Pa. Commonwealth Ct. 527, 493 A.2d 141 (1985) in support of its argument. In that case, the Zoning Hearing Board of Lancaster granted the Babins a special exception for operating a health club. An express condition of the special exception was that the club was not to be what amounted to a massage parlor. The trial court found that the Babins were operating

a massage parlor in violation of the terms of the December 1, 1980 special exception, that they never objected to that condition and that, consequently, they waived any right to object years later.

We agreed and noted that Section 1001 of the Pennsylvania Municipalities Planning Code (MPC),[2] sets forth the exclusive method of challenging any municipality ordinance, decision, determination or order adopted or issued pursuant to the MPC. We also noted that Section 1006 of the MPC, 53 P.S. § 11006, contains the thirty-day limitation for appealing a municipality's action.

Thus, we held that the Babins "effectively waived their right to challenge the validity of the conditions attached to the grant of their special exception as a result of their failure to appeal the Board's order as specified by the [MPC]." *Id.*, 89 Pa. Commonwealth Ct. at 536, 493 A.2d at 145–46.

In the case before us, however, the Youth Home is not objecting to the original conditions of the conditional use permit; it is merely seeking an expansion of the conditional use pursuant to paragraph 8 of the original conditional use permit, which provides as follows:

8. The maximum number of residents through the age of 13 shall be limited to twenty. The maximum number of lodges or buildings erected for the children's occupancy shall be three. *Any increase in number or residents, number of buildings, or any other expansion of the conditional use shall require an application to the Buffalo Planning Commission and Supervisors for approval of a new conditional use.*

(R.R. 24) (Emphasis added).

Prior to the Youth Home's current September 10, 1992 application to amend the September 20, 1989 conditional use permit, it applied for an expansion of the conditional use in order to increase the number of residents at the facility and to add four buildings in which to house them. The Board granted the Youth Home's application to amend the Septem-

2. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11001.

ber 20, 1989 conditional use as of July 3, 1990. Township's April 7, 1993 Memorandum of Law at 2, Item 7 of the Original Record. In the application to amend at issue here, however, the Board granted the Youth Home's application only in part and raised the late appeal issue with regard to only that portion of the application that it did not wish to grant.

We conclude that this latest request for an amendment is really a new application for a conditional use and, of course, subject to the all of the applicable procedural provisions of the MPC, several of which are enumerated in *Babin.* Here, the Youth Home appealed from the denial in a timely fashion under the MPC. We agree with the trial court that this appeal of the Youth Home does not constitute a late appeal of the original conditional use permit, but instead an application to expand the existing conditional use. Therefore, we will consider the application to amend the age requirements under the standards normally applicable to conditional use applications.

### 2. Age as a Factor

■ The Youth Home argues that the Board improperly considered age when considering the application for amendment because age is not present in either the Township's conditional use permit ordinances or in the MPC. It cites *Bray v. Zoning Board of Adjustment,* 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980) in support of its argument.

In *Bray,* we noted that, in special exceptions cases, "the applicant has both the persuasion burden and the initial evidence presentation duty to show that the proposal complies with the 'terms of the ordinance' which expressly govern such a grant." *Id.* at 526, 410 A.2d at 910. We further stated that "[t]his rule means the applicant must bring the proposal within the specific requirements *expressed in the ordinance for the use* ... sought as a special exception." *Id.* at 526, 410 A.2d at 911 (Emphasis added).

Here, neither party disputes that the word "age" is not expressly part of the Township's conditional use ordinances. The Township argues, however, that "age" falls under the

broad language in Section 802.4(e) of its ordinances. In its entirety, Section 802.4 of the Township's Ordinance provides as follows:

Section 802.4 *Criteria for Approval.* A Conditional Use shall be approved upon a finding of the Board of Supervisors that an applicant has adequately shown by evidence presented that:

(a) The proposed Conditional Use conforms to the district use provisions and to the specific provisions allowing for Conditional Uses and all general requirements of this Ordinance.

(b) The proposed Conditional Use shall preserve the objectives of this Ordinance and shall be consistent with the Comprehensive Plan and the purpose of the district in which it is to be located.

(c) The proposed Conditional Use is suitable for the parcel in question and shall produce a total visual impression and environment compatible with and appropriate to the existing or intended character of the neighborhood.

(d) The proposed use will not result in excessive traffic or create any other adverse environmental impact upon other property or persons.

e. *The proposed use is in the best interest of the Township and the general public welfare.*

(R.R. 102–3) (Emphasis added).

In *Bray,* we specifically found as follows with regard to special exceptions and "general welfare:"

The important characteristic of a special exception is that it is a conditionally permitted use, legislatively allowed if the standards are met. Thus, an applicant, by showing compliance with the specific requirements of the ordinance, identifies the proposal as one which the local legislation expressly designates to be appropriate in the district and *therefore presumptively consistent with the promotion of health, safety and general welfare; hence it is logical that ... the Pennsylvania decisions have placed on the objectors the*

*'burden'* of showing the proposal to be detrimental to public health, safety and welfare.[3]

*Bray,* 48 Pa.Commonwealth Ct. at 527, 410 A.2d at 911 (citation omitted) (emphasis added) (footnote added); *see also East Manchester Township Zoning Hearing Board v. Dall-meyer,* 147 Pa.Commonwealth Ct. 671, 609 A.2d 604 (1992).

■ Thus, since the Township does not argue in its brief that the Youth Home failed to meet the specific factual requirements of the conditional use found in Section 802.4(a)–(d) of the ordinances, under *Bray,* the Township had the burden of producing evidence showing that the requested amendments were not in the best interest of the Township and the general public welfare.

After examining the transcript from the November 18, 1992 hearing, we must conclude that the Township failed to satisfy its burden. The only people who testified were Carol Lockett, Executive Director of the Youth Home, Irwin Banks, the Program Director and David Pettet, also employed by the Youth Home. They testified as to their reasons for requesting an increase of the age limitation at the Youth Home and there was no evidence to the contrary by any objectors. *See e.g.* Lockett at R.R. 53–54, 62 and 78–79 and Pettet at R.R. 81. Also, we note that the trial court's gratuitous statement about the potential hazard of mingling boys of different ages does not constitute evidence.

### Conclusion

Accordingly, we reverse the trial court's order affirming the denial of the Youth Home's application for amendment to the conditional use permit and remand with directions to approve the amended September 10, 1992 conditional use application.

### *ORDER*

**AND NOW,** this 29th day of March, 1994, the order of the Court of Common Pleas of Washington County dated June 8, 1993 is hereby reversed and the matter is hereby remanded to

3. This burden is as applicable to the Township as it would be to a private party. *Mason v. Schaefer,* 410 Pa. 239, 189 A.2d 178 (1963).

the Court of Common Pleas of Washington County directing it to approve the amended September 10, 1992 conditional use application.

Jurisdiction relinquished.