Newberry Township, Appellant *v.* Harold F. Ness, t/a Pleasant View Apartments etc., Appellee.

Argued September 14, 1983, before Judges Wil-
LIAMS, JR., DOYLE and BARBIERI, sitting as a panel of
three.

*Joel O. Sechrist,* for appellant.

*Thomas L. Kearney, III,* with him *Daniel W. Shoe-
maker,* for appellee.

OPINION BY JUDGE BARBIERI, January 5, 1984:

Appellant, Newberry Township (Township), avers
as error the action of the trial court in sua sponte
raising the issue of equity jurisdiction and dismissing
the Township's equity action for lack of jurisdiction.
In its equity action the Township sought to require the
operator of a mobile home park to provide paving in
the park with "a smooth, hard and dense surface"
under terms of a Township ordinance. The Appellee,
Harold F. Ness, countered that he was not subject to
the requirements of the ordinance since there was a
contract dated prior to the date of the ordinance
under which the township agreed to pave the roadway
after he installed a road base.

The common pleas court and the appellee, in support of their view that equity jurisdiction must be denied to Appellant until the latter has exhausted remedies provided in its ordinance, rely upon the cases of *Knup v. City of Philadelphia,* 386 Pa. 350, 126 A.2d 399 (1956) and *Brog v. Department of Public Welfare,* 43 Pa. Commonwealth Ct. 27, 401 A.2d 613 (1979). Those cases, however, are concerned with plaintiffs other than municipalities. Here, however, the plaintiff is a municipality, and as such falls within the ambit of Section 617 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10617, which provides in pertinent part that

> the municipality, *in addition to other remedies,* may institute in the name of the *municipality* any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation. (Emphasis added.)

Our cases have held that, by virtue of this statutory provision, municipalities are empowered "to bring actions to restrain the use of land in violation of their ordinances enacted pursuant to the Act."[1] *Township of South Fayette v. The Boy's Home,* 31 Pa. Commonwealth Ct. 254, 258, 376 A.2d 663, 665 (1977). Furthermore, we have held that in the exercise of this statutory authorization to invoke equity jurisdiction, the municipality is "not required to exhaust its statutory remedies before seeking to enjoin the appellant's alleged violation of its zoning ordinance." *Bradley v. Township of South Londonderry,* 64 Pa. Commonwealth Ct. 395, 401, 440 A.2d 665, 668-69 (1982). *See*

---

[1] The ordinance procedure adopted by Appellant herein is authorized under Section 603 of the MPC, 53 P.S. §10603.

*also West Brandywine Township v. Matlack,* 38 Pa. Commonwealth Ct. 366, 394 A.2d 639 (1978) ; *Hilltown Township v. Mager,* 6 Pa. Commonwealth Ct. 90, 293 A.2d 631 (1972).

Accordingly, we will reverse and remand.

ORDER

Now, January 5, 1984, the order of the Court of Common Pleas of York County at No. 80-S-3066, dated November 3, 1982, dismissing counts I and II of the Newberry Township's equity action, is reversed, and the record in this case is hereby remanded to the court for further proceedings not inconsistent with the opinion above. Jurisdiction relinquished.