**Township of Middle Smithfield v. Harima, Inc.**

C.P. of Monroe County, No. 1266 CV 2014

*Michael Gaul*, for plaintiff.

*Marshall E. Anders*, for defendants.

ZULICK, *J.*, May 16, 2014—The Township of Middle Smithfield filed a complaint in equity against Harima, Inc., JMJ Hospitality, Inc., and HOTTPA, INC., a/k/a HOTT 209, a/k/a GO GO DANNY'S on February 24, 2014. The complaint sought an injunction to prevent the defendants from operating a bar called "Go Go Danny's" in the basement of a motel unit on the Werry's Motel & Pub Property (Werry's Property). The Werry's Property is located on Route 209 in Middle Smithfield Township and is improved with a restaurant/pub, approximately 25 motel units and other stand-alone cabin units. Township exhibit 7. The basement bar which was the subject of the complaint was built in 2012 and 2013 in the basement of motel units 11 to 17. The township filed a motion for preliminary injunction at the same time the complaint was filed.

A hearing on the injunction request was scheduled for March 3, 2014. Harima and JMJ requested a continuance of the hearing. Their motion was granted and the hearing was rescheduled for March 14, 2014. A temporary stay of activity in the bar was imposed at the same time. Harima, Inc. (Harima) and JMJ Hospitality, inc. (JMJ) filed answers to the complaint and the motion. No answer to the complaint has been filed by defendant HOTTPA, Inc.

Hearings were held on the motion for injunction on March 14 and 20, 2014. Following the hearings, the court ordered that the transcript be prepared and the parties were given a briefing schedule. The parties filed briefs in accordance with that schedule.

## FINDINGS OF FACT

1. The township of middle Smithfield is a Second Class Township in Monroe County, Pennsylvania.

2. Defendant Harima, Inc. is a Pennsylvania business corporation with an address of 5049 Milford Road, East Stroudsburg, Pennsylvania. The president and principal shareholder of Harima is Robert Spano.

3. Harima bought the Werry's Property located on Route 209, Middle Smithfield Township, Monroe County, Pennsylvania on November 1, 2005. The property fronts on Route 209 and is approximately 7.5 acres. It is improved with Werry's Pub, a pub/restaurant and motel rooms and apartments, in addition to the basement bar which is the subject of this case. The property is zoned C-1.

4. Defendant JMJ Hospitality, Inc. is a Pennsylvania business corporation with an address of 5049 Milford Road, East Stroudsburg, Pennsylvania. JMJ has leased the Werry's Pub property from Harima through May, 2019.

5. JMJ has a hotel liquor license from the Pennsylvania Liquor Control Board, License Number H 6195.

6. Nicole Spano is the sole officer of JMJ and is the Manager of the premises for purposes of the liquor license. NT 3/20/2014, 81.

7. HOTTPA, Inc. is a Pennsylvania business corporation with an address of 5130 Milford Road, East Stroudsburg, Pennsylvania, HOTTPA is in the adult entertainment business. Testimony of Kevin Hickey, NT 127 3/20/2014. Its business offers nude performances for compensation. *Id.* The business presents lap dancing, pole dancing and

strippers who are paid for performing in the nude. *Id.*

8. HOTT 209 is a trade name for HOTTPA. Dan Russo and Kevin Hickey are corporate officers of HOTTPA. NT 6, 120, 3/14/2014. Hickey is also a shareholder of HOTTPA. *Id.* Kevin Hickey owns or operates an adult entertainment business in New Jersey known as HOTT22. *Id.*

9. Middle Smithfield Township has enacted a zoning ordinance which requires a property owner in the township to obtain a zoning permit before changing or adding a use on a property. Middle Smithfield township zoning ordinance 2010-A as amended by township ordinance 198, Township exhibits 31, 34.

10. Middle Smithfield Township has enacted a subdivision and land development ordinance which requires a land owner or tenant to file a land development plan and obtain township approval of the plan before improving "a nonresidential building." Middle Smithfield Township subdivision and land development ordinance, 170-5, 170-15 and 170-142.

11. On February 11, 2014, JMJ and/or Harima opened or permitted the establishment of a new bar named "Go Go Danny's" in the basement of a block of motel rooms on the Werry's Property. The bar offered the sale of alcohol and adult live entertainment. Testimony of McGlynn, NT 3/14/2014, 36-41. Testimony of Folkmen, NT 221; Testimony of Nicole Spano, NT 92-93, 3/20/14, township exhibits 10-14, 20, 35.

12. No zoning permit or land development permit was applied for before Go Go Danny's was opened.

13. Harima applied for a non-conforming use certificate

from Middle Smithfield Township in April 2008. A site plan was submitted as part of Harima's application, which noted the Werry's Pub but did not depict the bar under the motel units as a current use. Township exhibit 6, 7, NT 3/14/14, 21-24, 31, 181. No parking arrangements were identified for the bar in the basement of the motel units, *id.* at 26-27 and 183.

14. The JMJ Liquor License Application does not identify the bar in the basement as a serving area. Township exhibit 9. The liquor license application lists the basement area as being used in the licensed business, but does not designate its function.

15. On February 11, 2014, Shawn McGlynn, the Middle Smithfield township zoning officer, received a complaint about the opening of the Go Go Danny's bar on the Werry's property. He visited the premises that afternoon, and noticed that a new entryway was constructed on the building. *Id.* at 39.

16. That door was locked. He was shown to another doorway by an individual and he went downstairs to a basement area under a block of motel rooms where there was a newly renovated bar. There were people in the bar who told him they were waiting for "the bar tenders and the girls," at which point Mr. McGlynn left. *id.* at 40- 41. 43.

17. Before visiting the Werry's Property, Mr. McGlynn had seen a Facebook posting by Josh Spano, Robert Spano's grandson, stating that Everyone come out and see the strippers, a HOTT 209 opening, must be 18 or older to get in." *Id.* at 43. Township exhibit 12.

18. Mr. McGlynn saw signs the next day, on February

12, 2014, posted along Route 209 on the front of the property for Go Go Danny's. *Id.* Township exhibit 13, 14.

19. There is a Go Go Danny's Facebook page. *Id.* at 54-56. Township exhibits 10, 11. On February 12, 2014, the Facebook page advertised that Go Go Danny's was located at 5049 Milford Road, East Stroudsburg, PA. its hours were from 4:00 p.m. until 2:00 a.m. it advertised itself as a bar/adult entertainment. Township exhibit 10. A February 10, 2014 posting states "(f)orgot to mention, things kick off at 4:00 p.m. and we also have a nice beautifully organized lap dance room. *See* you tomorrow night." *Id.*

20. Mr. McGlynn concluded that a bar use and an adult entertainment use were being conducted in the basement at the Werry's Pub property. NT 62. He issued an enforcement notice to Harima, the owner of record, to JMJ, the lessee of the premises and the liquor licensee, and to HOTTPA, Inc. t/a Go Go Danny's on February 14, 2014. *Id.* at 63.

21. Harima filed an appeal of the enforcement notice. JMJ and HOTTPA did not.

22. HOTTPA had previously filed an application for conditional use approval to establish an adult use on the Werry's Pub property. Robert Spano joined in that application. NT 3/14/14, 49-50. A site plan was submitted with the application; township exhibit 19. That plan did not show any bar use in the motel building on the Werry's Pub property. NT 50-51.

23. The traffic analysis submitted to support the conditional use application for an adult use on the Werry's Property contained a calculation for the necessary number

of parking spaces. No bar use was identified in the basement room of the motel building.

24. Raymond Wolfe, the budget finance manager for the township, operated the Werry's Property with Robert Spano in 2008. No bar was present in the basement of the motel units at that time. The area had a countertop, but there were no toilets or sinks. The rooms were used for storage. NT 3/14/14, 111-114.

25. LeAnn McClary worked at Werry's from 2000 through 2008 in various capacities, including bartender, desk clerk and cook. During this time, the basement below motel units 11-17 were used for storage. Testimony of LeAnn McClary, NT 3/14/14 at 120.

26. Christina Brown was the director of operations at Werry's at the time of the hearing. She was in charge of operations in the Werry's Pub and in the basement bar for the two days that the bar was open. She testified that she had worked for Werry's for 23 years. During that time, the basement room had been used for storage until a bachelor/bachelorette party was held there 2011 or early 2012. Testimony of Christina Brown, NT 3/20/14 at 40.

27. HOTT 209 placed an advertisement in the August 2013 issue of Xtreme magazine which stated "All new HOTT 209 go-go entertainment opening soon. Secure your position now. Make big dollars in the Poconos..." Township exhibit 35, This advertisement was similar to that found on the Go Go Danny's Facebook page. Testimony of Annette Atkinson, NT 3/14/14 at 162; township exhibits 10, 11, 20,

28. HOTTPA had also previously filed an application

for a special exception for an adult-use on the Werry's Property. There was no suggestion of a bar use or adult-use in the motel building. Testimony of Wayne Rohner, NT 3/14/14 at 180.

29. John Bolles was hired to make repairs to the motel building and basement on the Werry's Property. He was told to make the basement look like "an up to date bar." Testimony of John Bolles, NT 3/14/14 at 200. He rebuilt the roof and entryway of the structure; he installed suspended ceilings in the basement; he replaced the surface of the bar with wood flooring; installed polished metal plate and mirrors on the walls; modernized the HVAC system; installed new lighting, and built a "sitting area" in a room adjacent to the bar room. *Id.* 191-194. He replaced toilets. ·Testimony of Nicole Spano, NT 3/20/14 at 83.

30. The bar in the motel basement opened for two days in February, 2014. Testimony of Christina Brown, NT 3/20/14 at 37.

31. On the days the bar in the basement was open, two dancers were working and danced "on the pole." Testimony of Nicole Spano, NT 3/20/14 at 92. They were wearing bikinis. *Id.*

32. Nicole Spano also testified that the room had been used for storage, NT 95.

33. Kevin Hickey testified that he had placed the advertisement for Go Go Danny's in xtreme magazine. Township Exhibit 35. NT 3/20/2014 at 124. The telephone number found in the advertisement is his and the email hott209@gmail.com was used by his manager, Abraham Eldakroury.

## DISCUSSION

Middle Smithfield Township has filed an action seeking to enjoin the defendants' use of a new bar in the basement of motel units on the Werry's Property. The Municipalities Planning Code provides in 53 P.S. Section 10617 that a municipality may file an equity action to restrain the use of a building in violation of its zoning ordinance. A court has jurisdiction to restrain violations of municipal ordinances regulating the use of land, despite the availability of other remedies. *Municipality of Monroeville v. Gateway Motels, Inc.*, 47 D&C 3rd 492 (Pa. Com. Pi. 1986), *affirmed*, 525 A.2d 478 (Pa. Cmwlth. 1987). A municipality is not required to exhaust its statutory remedies before seeking to enjoin a defendant's alleged violation of a zoning ordinance. *Newberry Twp. V. Ness*, 469 A.2d 351 (Pa. Cmwlth. 1985).

The Commonwealth Court reviewed the elements that must be established before a preliminary injunction may issue:

In order to obtain injunctive relief, the county must show the following elements: (1) that a preliminary injunction is needed to prevent immediate and irreparable harm that cannot be adequately compensated by damages; (2) that more harm would result from not granting the injunction than from granting it and that the injunction will not harm other interested parties in the proceedings; (3) that the injunction will restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) that the injunction is designed to abate the offending activity; and (5) that the preliminary injunction will not negatively affect the

public interest.

*Warehime v. Warehime*, 860 A.2d 41, 46-47 (Pa. Cmwlth. 2004).

The moving party must establish that the right to relief is clear, *T.W. Phillips Gas & Oil Co. v. Peoples Natural Gas Co.*, 492 A.2d 776, 778 (Pa. Cmwlth. 1985), and that it has a reasonable likelihood of success on the merits. *Lewis v. City of Harrisburg*, 631 A.2d 809 (Pa. Cmwlth. 1993).

The evidence presented during the two days of hearings established that in June, 2012, work began on the basement room below Werry's motel units 11-17. A new entranceway with a modified roof was constructed and renovations were made to basement rooms, NT 3/14/2014 at 202-203. It is not clear from the evidence what entity was directing this work to be done. John Bolles, the construction worker, had no written contract and was being paid cash for his work by an unknown person or entity which he received at the Werry's Pub at the end of the work week. NT 3/14/2014 at 198. His contact was Robert Spano.

The township became aware of the building activity and the zoning officer at the time, Wayne Rohner and township employee Dave Manter, visited the premises in the summer of 2012. Mr. Rohner issued a cease and desist order, on June 22, 2012. Township exhibit 25. The order notified the owner that it was in violation of the zoning ordinance and the building permit ordinance, *Id.* John Bolles then applied for building permits for the construction, electrical and HVAC work and provided construction drawings. Building permits were also required for dancing platforms, but applications for them were later withdrawn. None of the defendants made a

written application to the township for a zoning permit or a land development permit. A certificate of occupancy was issued by the township on April 16, 2013. Defendant's exhibit 5, NT 3/14/14 at 137.

Annette Atkinson, a Middle Smithfield Township Supervisor was given a copy of the August 2013 issue of Xtreme Magazine which contained an advertisement for "Hott 209 Go Go Entertainment at 5049 Milford Road, East Stroudsburg, Pennsylvania." This was the address of the Werry's Property. NT 3/14/14 at 54, 161, township exhibit 35. The ad stated that the establishment was opening soon and urged interested parties to "secure your position now!" *id.* This ad was very similar to the ad on the Go Go Danny's Facebook page. *Id.* at 162. Township exhibit 20.

Ms. Atkinson also viewed the Go Go Danny's Facebook page advertising Go Go Danny's as a "Bar-Adult Entertainment 5049 Milford Road East Stroudsburg, Pennsylvania "NOW OPEN!!! Full Liquor Bar Hot Go Go Entertainment! ATTN: LADIES! MAKE BIG $$$ IN THE POCONOS!" NT 3/14/14 at 162, Township exhibit 10, 11, 12. The Facebook page entry for February 11, 2014 stated that Go Go Danny's was opening for business on that day.

Shawn McGlynn, the Middle Smithfield township zoning officer, went to the Werry's basement bar just after 4:00 p.m. on February 11, 2014. The bar appeared to have been completely refurbished. He saw people in the bar and asked when the bar was opening. He was told that they were waiting for the "bartenders and the girls." He then left. NT 3/14/14 at 40, 43. The next morning, on his way

to the office, Mr. McGlynn noticed that signs had been put up along Route 209 advertising "Go Go Danny's." *Id.* at 44, township exhibit 13.

Christina Brown, the director of operations at Werry's, testified that the bar in the motel basement opened for two days in February, 2014, testimony of Christina Brown, NT 3/20/14 at 37. On the days the bar in the basement was open, two dancers were working and danced "on the pole." Testimony of Nicole Spano, NT 3/20/14 at 92. They were wearing bikinis. *Id.* The bar did not remain open because of inclement weather, a water problem and then the temporary injunction imposed by the court.

The Middle Smithfield Township Zoning Ordinance provided from 2012 to present that:

§010-060. Effect of provisions.

A. No structure shall be erected, constructed, razed, moved, altered, rebuilt or enlarged; and no use of a structure or land or water area shall be established or changed for any purpose nor in any manner except in conformity with all regulations, requirements and controls and after issuance of a zoning permit as specified in this ordinance, except as hereinafter provided.

§010-090. Applicability.

A. This ordinance shall apply throughout the Township of Middle Smithfield. Any of the following activities or any other activity regulated by this chapter shall only be carried out in conformity with this chapter, to wit:

1. Erection, construction, movement, placement, expansion, extension, reduction and/or demolition of a

structure, building, sign and/or area of land;

...3. Creation of a new use.

B. A zoning permit is required to be issued prior to the start of any of the following activities throughout the Township of Middle Smithfield:

1. Erection, construction, movement, placement, expansion, extension, reduction and/or demolition of a structure, building, sign and/or area of land;

2. Creation of a new use; and/or

3. Site alterations.

Township exhibit 31, testimony of Michelle Clewell, NT 150.

Ordinance 183 amended the zoning ordinance on March 27, 2012 to prohibit adult uses from the C-1 zoning district. Adult uses were then conditionally permitted in the "I" zoning district. This was codified in §041-010 and the township table of use regulations within zoning districts.

The last amendment to the Middle Smithfield Township Zoning Ordinance is found in Ordinance No. 198, adopted on December 30, 2013, which provides as follows:

SECTION 1: The definition of "adult use, live entertainment facility" in Section 020-20 of article II, definitions, of the zoning ordinance is amended so as to state in its entirety the following:

"ADULT USE, LIVE ENTERTAINMENT FACILITY. A use including live entertainment involving both A,

and B. below:

A. 1 or more adults in the facility (which may include, but not be limited to: waiters, waitresses, dancers, clerk, bartenders, contractors or others) who are;

1) displaying uncovered male or female genitals or nude or almost nude female breasts or

2) engaging in simulated or actual "adult use specified sexual activities" or repetitive contact between the genital areas of 2 or more adults or between the anal and genital areas of 2 or more adults, and

B. which is related to an entrance charge, cover charge, tips or other monetary compensation paid by the spectators, patrons and /or customers to the person or entity operating the use or to persons involved in such activity."

Township exhibit 34.

Middle Smithfield Township also had a Subdivision and Land Development Ordinance (SALDO) in effect while the basement bar was being constructed. Section 170-5 of the township's SALDO provided in part:

No...land development of any lot...shall be made... except in accordance with the provisions of these regulations.

Township exhibit 31.

The SALDO defined "land development" as:

"The improvement of one lot...for any purpose involving: ...a single nonresidential building on a lot...

regardless of the number of occupants or tenure...

SALDO section 170-14.

Section 170-142 of the SALDO provided:

Hereafter all plans for land development within the corporate limits of Middle Smithfield Township shall be submitted to and reviewed by the Township Planning Commission and the Board of Supervisors and shall be approved, approved subject to specified conditions acceptable to the applicant or rejected by Middle Smithfield Township in accordance with the procedures outlined in this article.

The township contends that the opening of the Go Go Danny's bar in the basement of the motel units created a new nightclub/bar requiring an application for a zoning permit and a land development permit. Harima and JMJ contend that Go Go Danny's is an accessory use of the motel.

The evidence in this case established that Go Go Danny's is intended to be a bar or nightclub offering adult live entertainment. JMJ called witnesses who stated that the female dancers in the bar would wear bikinis, but the impression created by the advertisements for the bar are that dancers would be nude or scantily clad, offering "almost nude views of female breasts." The room adjacent to the barroom appears to be designed for private "lap dances." Without too much of a stretch of the imagination, this activity meets the definition above of an adult use, live entertainment facility. Mr. McGlynn, the zoning officer, did not observe this activity when he was briefly in the bar on February 11, 2014, but the advertisements support the Township's position that adult use activity was being

offered.

Kevin Hickey, a principal of HOTTPA, designed the advertisements for the bar. Mr. Hickey testified that he has an establishment in New Jersey known as HOT22 and that he is in the business of offering nude entertainment which included strippers, pole dancing and lap dancing. NT 3/20/14 at 120, 127. It is not clear why HOTTPA is involved with Go Go Danny's as JMJ is the liquor licensee and the tenant. However, Mr. Hickey testified that he placed the advertisement for Go Go Danny's in Xtreme Magazine. Township exhibit 35, NT 3/20/14 at 124, He placed the ad because he "wanted to see the kind of reaction I would get because we are looking to do business over there and I just wanted to get customers calling, girls calling, et cetera." *Id.* at 125. Dan Russo is a corporate officer of HOTTPA. NT 3/14/14 at 6.

Mr. Hickey also identified his telephone number on the Facebook posting for Go Go Danny's. *Id.* at 122. The email address on the Go Go Danny's Facebook page, hott209@.... was Mr. Hickey's business manager's email address. *Id.* at 123. Township exhibits 10, 11, 20.

The Middle Smithfield Township Zoning Ordinance treats a nightclub/bar use as separate and distinct from a motel use. The table of use regulations of the ordinance establishes a motel as use category F5 and a nightclub/bar as use category F7. Township exhibit 31. The ordinance defines a "motel" as "a building in which lodging, with or without meals, is provided and offered to the public for compensation, and which is open to transient guests, usually with access to units primarily from interior lobbies, courts or halls and is not a rooming house or boarding

house." *Id.* Section 20-20.

A "nightclub/bar" is defined as "a commercial establishment dispensing alcoholic beverages for consumption on the premises, as well as food, and which dancing and musical entertainment are permitted. State regulations governing alcoholic beverages shall be incorporated into this definition by reference, as they may be amended from time to time." *Id.*

The opening of Go Go Danny's introduced a new use to the Werry's Property. The Werry's Pub and Motel is a permitted use in the C-1 zone, however the Werry's property is non-conforming because it did not meet all of the dimensional and other requirements of the ordinance. The Werry's Property had been registered as a non-conforming property through a filed certificate of non-conformance. Township exhibit 6.

A nightclub use is also permitted in the C-1 zone, but the township has a legitimate interest in making sure that there is adequate access, parking, sewer, water, setbacks storm water runoff and proper design. These considerations are addressed when a property owner applies for a zoning and SALDO permit. This was not done by Harima or JMJ. Instead they renovated what was a dusty basement, and opened for new business.

In determining whether a use has changed it must be kept in mind that a property owner's right to expand a lawful non-conforming use to meet natural business expansion is protected by the law and the constitution. *Township of Kelly v. Zoning Hearing Board of Kelly Township*, 388 A.2d 347 (Pa. Cmwlth. 1978). However, it is also the policy of the law to closely restrict such

non-conforming uses and to strictly construe provisions in zoning ordinances which provide for non-conforming uses in order to discourage the indefinite continuation of structures on the land which are in complete variance with the zoning plan. *Hanna v. Board of Adjustment of Forest Hills*, 183 A.2d 539 (Pa. 1962). Therefore, there is no constitutionally protected right to change from one non-conforming use to another, *Hammond v. Zoning Hearing Board of the Borough of Stroudsburg*, 564 A.2d 1324 (Pa. Cmwlth. 1989). Here, the basement was changed from a storage area to a nightclub/bar. Harima and/or JMJ needed zoning and land development permits to do that.

Harima and JMJ argue that they are entitled to a variance by estoppel. They contend that the township zoning officer at the time, Wayne Rohner, told them that they did not need a zoning permit. They base this argument on Mr. Rohner's testimony. Mr. Rohner was called by the defendants and testified that he posted a cease and desist order on the premises when the basement bar was under construction with no permits. Testimony of Wayne Rohner, NT 3/14/2014 at 171. He stated that "Bob (Spano) gave Dave Manter and myself a tour (of the) basement." *Id.* Mr. Spano told Mr. Rohner "that he was looking to reopen the bar and he needed a building permit for the renovation work that was occurring." *Id.* "He (Mr. Spano) asked me if he needed a zoning permit to open up the bar. And I said, no." *Id.*

Variance by estoppel has arisen out of situations where the municipality has, for a considerable period of time, acquiesced in an illegal use. Although municipal inaction alone is clearly not sufficient, *Lennox v. Zoning Board of Adjustment of Pittsburgh*, 447 A.2d 1049 (Pa.

Cmwlth. 1982); *Ignelzi v. Zoning Board of Adjustment of Pittsburgh*, 433 A.2d 158 (Pa. Cmwith. 1981), "[w]here municipal inaction is compounded by facts which create a strong equity in the owner, the decision of the Supreme Court in *Sheedy v. Philadelphia Zoning Board of Adjustment*, 187 A.2d 907 (Pa. 1963), indicates that relief is possible." R. Ryan, Pennsylvania Zoning Law and Practice, § 8.3.5 (1970).

The Commonwealth Court reviewed the necessary elements in a variance by estoppel case in *Caporali v. Ward*, 493 A.2d 791, 793 — 794 (Pa. Cmwith. 1985):

> A review of the case law indicates, however, that the following elements are indispensable: 1) municipal failure to enforce the law over a long period of time or some form of "active" acquiescence of the illegal use; 2) good faith throughout the proceedings by the property owner; and 3) innocent reliance evidenced by substantial expenditures. Sheedy; *Lebovitz v. Zoning Board of Adjustment of Pittsburgh*, — Pa.Commonwealth Ct. —, 486 A.2d 1061 (1985); *Knake v. Zoning Hearing Board of Dormont*, 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983).

*Id.*

I find that the evidence presented in this case does not support a variance by estoppel for several reasons. The first is that although Mr. Rohner testified that he told Mr. Spano a permit was not necessary, that was not what was indicated on the cease and desist order posted on the property in 2012. The cease and desist order clearly warned Spano that "THIS SITE IS IN VIOLATION OF THE FOLLOWING; (X) ZONING ORDINANCE. Testimony

of Shawn McGlynn, NT 3/14/14 at 93, township exhibit 25. Mr. Rohner was no longer the zoning officer at the time of the hearing; he appeared as a consultant for Mr. Spano. NT 3/14/14 at 179. To the extent that Mr. Spano relied on statements by Mr. Rohner and not the written cease and desist notice, he did so at his peril.

Secondly, there was no testimony that the zoning officer was made aware that there would be adult live entertainment in the premises. The record does not reflect this knowledge on the part of the township until the day of the opening of Go Go Danny's when the Facebook advertisements were brought to the attention of the Supervisors and then the zoning officer, Mr. McGlynn, who immediately investigated the situation that day.

Thirdly, since a zoning application was not submitted and no other writing or application was given to the township as to the particulars of what use was occurring in the basement, the township was not on notice of the nightclub use until Go Go Danny's opened, when the township immediately reacted to it. It is true that certificates of occupancy were issued by the township on April 16, 2013, but these advised Harima that "(t)he above listed structure is approved for occupancy provided that the applicant has complied with all federal laws, state laws and municipal ordinances and approvals." Defendants' exhibits 5, 12,

Harima, Inc. and JMJ are also not in a position of having acted in good faith. They began the renovations of the basement storage room and the outside roof with no contact with zoning officials. Only after the cease and desist order was imposed did they seek building permits.

Mr. Spano was a supervisor at the time the zoning ordinance was adopted on December 9, 2010. He was in a position to be aware of the requirements of obtaining a zoning permit. Township exhibit 31.

Finally, defendants argue in the alternative that Go Go Danny's was a non-conforming use. They contend that the area in question had previously been used as a bar. They base this argument on the testimony of Wayne Rohner. Mr. Rohner described what he saw when he inspected the premises in June, 2012. There was a bar in the basement. There was a ledge behind the bar and there was a bar sink and existing bathrooms. NT 3/14/14 at 185, 186. Mr. Rohner said the bar sink "was old." *Id.* at 185.

Defendants did not present any testimony as to when, if ever, the basement bar had been used. Other witnesses testified that the room was used for storage for decades. As set forth above, Raymond Wolfe, the Budget Finance Manager for the township, operated the Werry's Property with Robert Spano in 2008. No bar was present in the basement of the motel units at that time. The area had a countertop, but there were no operating toilets or sinks. The rooms were used for storage. NT 3/14/14, 111-114.

LeAnn McClary worked at Werry's from 2000 through 2008 in various capacities, including bartender, desk clerk and cook. During this time, the basement below motel units 11-17 were used for storage. Testimony of LeAnn McClary, NT 3/14/14 at 120.

Christina Brown was the director of operations at Werry's at the time of the hearing. She was in charge of operations in the Werry's Pub and in the basement bar for

the two days that the bar was open. She testified that she had worked for Werry's for 23 years. During that time, the basement room had been used for storage until a bachelor/bachelorette party was held there 2011 or early 2012. Testimony of Christina Brown, NT 3/20/14 at 40. The evidence does not support the non-conforming use of the basement rooms as a bar.

A non-conforming use may be abandoned. If there was such a use, as the bar and sink and shelf might imply, it was abandoned and used for storage instead. Christina Brown testified that the basement room was used to store beer for "20-something years." NT 3/14/14 at 237. The commonwealth court found in *Spencer v. ZHB of Rockland Twp.*, 533 A.2d 497 (Pa. Cmwlth. 1987) that a non-conforming trailer use had been abandoned after a trailer had been removed from a property for three years.

Here, there was no testimony establishing the last time the room had been used as a bar, or even that it had ever been used as a bar. Christina Brown was the witness with the greatest knowledge of the use of the premises in the past, and she had always known the room to be used for beer storage for more than two decades. The use, if it existed in the past, had been abandoned.

The temporary injunction previously imposed on March 3, 2014 and March 20, 2014 will be continued as a preliminary injunction, in place until an application for a zoning permit and a land development permit are filed and seen to a final decision, or until further order of this court.

No injunction against HOTTPA, Inc. will issue, because that corporation has not been shown to have any possessory interest in the land or the liquor license.

## CONCLUSIONS OF LAW

1. This court has jurisdiction to restrain violations of the Middle Smithfield Township municipal ordinances regulating the use of land, despite the availability of other remedies.

2. Middle Smithfield Township is not required to exhaust its statutory remedies before seeking to enjoin a defendant's alleged violation of a zoning ordinance.

3. A preliminary injunction is needed to prevent immediate and irreparable harm that cannot be adequately compensated by damages.

4. More harm would result from not granting the injunction than from granting it.

5. The injunction will restore the parties to their status as it existed immediately prior to the alleged wrongful conduct.

6. The injunction is designed to abate the offending activity.

7. The preliminary injunction will not negatively affect the public interest.

8. Middle Smithfield Township's right to relief is clear.

9. Middle Smithfield Township has a reasonable likelihood of success on the merits.

## ORDER

And now, this 16th day of May, 2014, following a hearing on the Township of Middle Smithfield's motion for preliminary injunction, and consideration of the briefs and arguments of the parties, it is ordered that:

1. Defendants Harima, Inc. and JMJ Hospitality, Inc. are preliminarily enjoined from conducting a bar or nightclub business in the basement of the Werry's Motel premises. In addition, no live or other entertainment shall be offered to the public from that location and no signs advertising business in the basement bar shall be placed on the premises.

2. This preliminary injunction shall remain in effect until Harima, Inc. applies for a zoning permit and a land development permit and obtains a final decision on those applications, or until further order of court.

3. The request for injunction against HOTTPA, INC, is denied as that corporation was not shown to have title or interest in the premises or the liquor license.